STENBERG, Appellant v. STENBERG, Respondent

(240 N.W.2d 100)

(File No. 11651. Opinion filed March 25, 1976)

**Laird Rasmussen, Dana, Golden, Moore & Rasmussen**, Sioux Falls, for plaintiff and appellant.

**John E. Burke** and **Derald W. Wiehl, May, Johnson & Burke**, Sioux Falls, for defendant and respondent.

DUNN, Chief Justice.

Plaintiff husband contends that the trial court abused its discretion in awarding alimony to the wife in the amount of $1,000 per month, together with the division of property as set out in the judgment and decree. We affirm.

M. Bennett Stenberg is the plaintiff-appellant and Darlene Stenberg is the defendant-respondent. The parties were married on December 10, 1950. Neither party had much in the way of property at the time of the marriage nor had either party received any substantial gifts or inheritances during the marriage. For approximately nine years after the marriage the parties engaged in farming on various rented farms in southeast South Dakota. They then moved to Sioux Falls where plaintiff began working for a livestock commission firm. In 1964, plaintiff became part owner of a commission firm in Sioux Falls. The family moved to Louisville, Kentucky, in 1969 when plaintiff became the manager of a stockyards. Plaintiff bought Adams-Dougherty, a livestock commission firm, in 1972 and the family moved back to Sioux Falls. Plaintiff subsequently sold one-fourth of the firm and at the time of trial owned three-fourths of Adams-Dougherty.

The parties have four children. The eldest child is married and the second child attends college. The two minor children live at home with the defendant.

On October 28, 1973, plaintiff informed defendant that he wanted a divorce. He moved out of the family home on December

12, 1973. On April 1, 1974, plaintiff moved to Cincinnati, Ohio, and at the time of trial was working there as the general manager of a stockyards at a salary of $25,000 per year.

Plaintiff served his summons and complaint on December 14, 1973, and on February 26, 1974, defendant served an amended answer and a counterclaim for divorce. The case was tried on July 31, and August 2, 1974. In its decision of November 12, 1974, the court granted defendant a divorce on her counterclaim on grounds of mental cruelty. She received custody of the two minor children, alimony of $1,000 per month and child support of $100 per month for each of the two minor children. She also was awarded attorney fees in the amount of $1,800. The court divided the real and personal property of the parties and gave defendant the family home subject to an existing mortgage, the household goods and furnishings, an automobile, a two-fifths interest in some farm property in Miner County, and a two-fifths interest in some Moody County farm property. Plaintiff was awarded the remaining three-fifths interest in the farm property, a recreational boat and the three-fourths interest in Adams-Dougherty.

Counsel for defendant submitted findings of fact and conclusions of law which were adopted by the trial court. Counsel for plaintiff submitted findings and conclusions which were refused. Plaintiff also submitted objections to defendant's findings and conclusions. On December 4, 1974, the court entered its judgment and decree of divorce, and on December 9, 1974, it entered an amended judgment and decree.

Plaintiff concedes that the court has the power to award alimony to defendant and divide the property of the parties pursuant to SDCL 25-4-41 and 25-4-44, respectively. However, plaintiff contends that the court abused its discretion in awarding defendant alimony of $1,000 per month in addition to the division of the property.

It is well settled that this court will not modify or set aside an award of alimony or a division of property unless it clearly appears that the trial court abused its discretion. Tyler v. Tyler, 1975, 89 S.D. 462, 233 N.W.2d 804; Pochop v. Pochop, 1975,

89 S.D. 466, 233 N.W.2d 806; Kressly v. Kressly, 1958, 77 S.D. 143, 87 N.W.2d 601. Plaintiff contends that the trial court abused its discretion in the instant case. In his brief he assigns values to the various assets which were divided between the parties. By his valuations, the defendant was awarded alimony plus slightly more than 50% of the parties' real and personal property.

From both the briefs and the oral argument, it is obvious that the real issue in this case is the valuation of plaintiff's three-quarters interest in Adams-Dougherty. In arguing that the defendant received over 50% of the property, plaintiff assigns a value of $32,250 to his interest in the commission firm. This is based upon the original purchase price in 1972.

Defendant maintains that the value of Adams-Dougherty is much higher. She points to the evidence which indicates that plaintiff's profit from the business in 1973 was $31,153.14 and $40,112.05 for the first seven months of 1974. She also points to the fact that the commission company made the 1974 profit while plaintiff was in Cincinnati earning $25,000 as a stockyards manager. According to her brief, the business is worth between $124,612 and $206,256.

This court does not sit as a trier of fact, and thus we will not attempt to place a valuation on any of the assets involved in the property settlement. Rather, our review is limited to whether the trial court divided the assets in an equitable manner. In Kressly v. Kressly, supra, we set down the principal factors to be considered by the court in dividing the property of the parties.

> "The duration of the marriage, the value of the property of each, their ages, their health and competency to earn, the contribution of each to the accumulation of the property and the faults and circumstances leading up to the divorce. Tuttle v. Tuttle, 26 S.D. 545, 128 N.W. 695; Caldwell v. Caldwell, 58 S.D. 472, 237 N.W. 568; Peterson v. Peterson, 71 S.D. 314, 24 N.W.2d 35." 77 S.D. at 148, 87 N.W.2d at 603-604.

In addition to these factors, we feel that the income-producing

capacity of the assets of the parties can be considered by the lower court. See Fischer v. Fischer, 1966, N.D., 139 N.W.2d 845. Instead of the present award of alimony and division of property, it may have seemed more equitable to the plaintiff for the court to have awarded a flat two-fifths interest in all of the property to the defendant including the equity in the home and plaintiff's interest in Adams-Dougherty; however, under such an award, the defendant would receive more in terms of income, and the plaintiff would also have the administrative problem of dealing with another partner — perhaps a hostile one — in his business.

We hold that the trial court did not abuse its discretion in considering the income-producing capacity of the assets, as well as other factors listed above, in dividing the property and awarding alimony. The judgment and decree of the circuit court is affirmed.

WINANS and WOLLMAN and COLER, Justices, concur.