Barbara J. LIEN, Plaintiff, Respondent
and Appellant on Cross-Appeal,

v.

Bruce H. LIEN, Defendant, Appellant
and Respondent on Cross-Appeal.

Nos. 12487, 12494 and 12698.

Supreme Court of South Dakota.

Argued Feb. 15, 1979.

Decided April 19, 1979.

Rehearing Denied May 25, 1979.

William G. Porter of Costello, Porter, Hill, Nelson, Heisterkamp & Bushnell, Rapid City, for plaintiff, respondent and appellant on cross-appeal.

Robert W. Gunderson and Wayne F. Gilbert of Gunderson, Farrar, Aldrich, Warder & DeMersseman, Rapid City, for defendant, appellant and respondent on cross-appeal.

JONES, Circuit Judge.

Barbara J. Lien was granted a divorce from Bruce H. Lien on the grounds of extreme cruelty. The primary issues in these appeals are (1) whether an award of $876,000 in cash and installments as a property division and an award of $366,200 payable over 13 years as an allowance for support to Mrs. Lien are excessive and an abuse of the trial court's discretion; (2) whether the allowance for Mrs. Lien's attorneys' fee of $52,735.65 which Mr. Lien was ordered to pay was excessive; and (3) whether deferred payments required by the property division may properly bear interest at 6% per annum as ordered by the trial court rather than the higher "going rate."

## GENERAL PRINCIPLES

The trial court has broad discretion in making a division of property and awarding support to a wife in a divorce action, and this court will not set aside or modify its decision unless it clearly appears that the trial court abused its discretion in entering its judgment. SDCL 25–4–41; SDCL 25–4–44; *Kittelson v. Kittelson* (S.D.1978), 272 N.W.2d 86; *Wipf v. Wipf* (S.D.1978), 273 N.W.2d 124; *Hansen v. Hansen* (S.D. 1979), 273 N.W.2d 749.

SDCL 25–4–41 permits the trial court to compel one party to pay support to the other, in an amount which is suitable for such period as may be just, having regard for the circumstances of the parties. SDCL 25–4–44 requires the trial court to make an equitable division of the property of the parties with due regard for equity and the circumstances of the parties. We have held that in carrying out these legislative mandates, the trial court should consider as principal factors: the duration of the marriage, the ages of the parties, their state of health and competency to earn a living, the value and income producing capacity of the property of each, and the contribution of each to the accumulation of the property. *Hansen v. Hansen*, supra; *Kittelson v. Kittelson*, supra.

In this opinion, "husband" and "wife" are used solely in the context of the facts in this particular case. The South Dakota statutes relating to division of property, support allowances, and allowing attorneys' fees as costs make no classification by gender such as the statutes held unconstitutional in *Orr v. Orr* (1979), —— U.S. ——, 99 S.Ct. 1102, 59 L.Ed.2d 306.

## FACTS

The Liens were married in November, 1953 following their graduation from college, and they have had no children. They separated in March, 1976 and this divorce action was commenced in May, 1976. Mr. Lien was 51 years old and Mrs. Lien was 46

years old at the time of trial in November, 1977.

At the time of the marriage, Mr. Lien was a partner with his father and brother in the Pete Lien & Sons business. Pete Lien retired shortly thereafter, and for most of this period, Pete Lien & Sons and allied businesses were owned in a 50-50 partnership by Mr. Lien and his brother. The businesses prospered greatly due to the industry and business acumen of Mr. Lien and his brother. Mrs. Lien was a full-time homemaker and assisted her husband by entertaining their friends and business associates, traveling with him, and engaging in social and charitable activities in Rapid City. She did not participate in the business decisions.

At the time of the marriage, Mr. Lien had assets worth $400,000 and he thereafter inherited $85,000 from his father. Mrs. Lien had just finished partially working her way through college and had no monetary assets. During the course of the marriage, all assets were acquired in Mr. Lien's name only. The only property in Mrs. Lien's name was $50,000 in jewelry which she had received as gifts over the years. Shortly before their separation, Mr. Lien transferred to his wife at her request cash and securities worth $100,000, and he gave her a $26,000 diamond ring for Christmas.

Because of the large number of separate businesses and extensive real estate holdings involved in the case, the appraisal of the property and determination of Mr. Lien's net worth was a complex undertaking, and therefore, those figures were determined as of May 31, 1977. Neither party objected to using the valuations and net worth statement as of that date, rather than the date the divorce was commenced.

The trial judge found Mr. Lien's net worth as of May 31, 1977 to be almost $4,000,000.[1] He found Mrs. Lien's net worth to be $200,000.[2] Mr. Lien's adjusted gross income for 1976 was $585,843, and his adjusted gross income for 1977 was estimated by his accountant at $657,689. These figures include substantial income taxable under Subchapter S of the Internal Revenue Code which was not actually received by Mr. Lien. He also testified that his 1976 and 1977 income was much higher than normal because of favorable long-term natural gas contracts held by Pete Lien & Sons, Inc., which were expiring. Mr. Lien is in the 70% income tax bracket.

## TRIAL COURT'S DECISION

The learned trial judge entered his first memorandum opinion fixing the property division to Mrs. Lien at $1,200,000[3] and

---

1. The trial court computed Mr. Lien's net worth for the purposes of making a division of property as follows:

| | | |
|---|---|---|
| Total assets per financial statement | | $5,737,632 |
| Less: | | |
| Liabilities | $558,924 | |
| Estimated 1977 income tax accrued | 338,500 | 897,424 |
| Gross Assets | | $4,840,208 |
| Less: | | |
| Personal property and assets of questionable value | | 115,200 |
| Adjusted assets | | $4,685,008 |
| Less: | | |
| 19% of deferred federal income tax on net unrealized asset appreciation | | 300,656 |
| | | $4,384,352 |
| Less: | | |
| Specified contingent liabilities | | 384,718 |
| Adjusted Net Worth for purposes of computation of property division | | $3,999,634 |

2. Mrs. Lien's net worth was found to be:

| | |
|---|---|
| Value of personal jewelry | $ 77,075 |
| Equity in residence purchased after separation | 13,000 |
| Cash, securities and C.D. | 100,000 |
| Miscellaneous personal property | 8,925 |
| Mrs. Lien's net worth | $ 200,000 |

Finding of Fact VII is ambiguous as to whether Mrs. Lien's net worth was found to be $200,000 or $190,075.80, but we conclude from the entire record that the higher figure was intended.

3. This figure was arrived at by the trial court as follows:

| | |
|---|---|
| Mr. Lien's net worth | $4,000,000 |
| Less: | |
| Assets owned by Mr. Lien at time of marriage | 400,000 |
| Balance to be divided | $3,600,000 |
| Mr. Lien to pay Mrs. Lien one-third | $1,200,000 |

requested counsel for the parties to work out the details under the guidelines that the court fixed, namely, that the division was to be paid in cash if possible, and if not, the court would consider deferred payments over a reasonable period of time with a reasonable rate of interest and the unpaid balance to be secured. No support was allowed.

Counsel for Mr. Lien moved immediately that the opinion be reconsidered by the court, and made a showing that Mr. Lien would have to liquidate more than $2,000,000 in property to secure $1,200,000 after federal income taxes, and that such a liquidation would be a catastrophe to the Lien business interests. Counsel also requested that the property division or support be ordered under conditions which would make a substantial part of it tax-deductible to Mr. Lien and taxable to Mrs. Lien.

In response to the showings made, the trial judge entered a second memorandum opinion, in which the property division to Mrs. Lien was fixed at $1,096,333,[4] payable in a $110,000 installment at time of judgment, an additional $110,000 three months thereafter, and the balance in monthly installments of $70,000 for twenty years, which figure included interest on the unpaid balances at 6% per annum, and Mr. Lien was ordered to pay an additional $20,000 per year in monthly installments as an income tax assistance payment. Except for the initial $220,000, the payments would be tax-deductible to Mr. Lien and taxable to Mrs. Lien. The deferred payments were to be secured by a first lien on Mr. Lien's one-half interest in Pete Lien & Sons, Inc., Lien Industries, and Nemo Ore Company, which were Mr. Lien's most valuable assets.

Counsel for Mrs. Lien objected that after allowance for income taxes, she would get significantly less net money than the principal allowed her in the opinion, and that the payments were deferred over too long a period of time at too low a rate of interest. Counsel for Mr. Lien objected that the amount allowed as a property division was excessive, and to making the deferred payments a lien on the Pete Lien & Sons, Inc. stock.

In response to these objections, the trial judge entered a third memorandum opinion in which the property division to Mrs. Lien remained at $1,096,333 and was payable in three groups of payments: (1) $396,000 was to be paid over a five month period, (2) $480,000 was to be paid in monthly installments over an eight year period ending August 1, 1986, and (3) $220,333 was to be paid in monthly installments over a five year period commencing September 1, 1986 and ending August 1, 1991. All deferred payments were to bear interest at 6% per annum and be secured by a first lien on certain of Mr. Lien's property but not on the Pete Lien & Sons, Inc., stock.

Following this, each party proposed findings of fact and conclusions of law which varied from the third memorandum opinion. The trial judge signed those proposed by Mrs. Lien which provided for a property division to Mrs. Lien of $896,000 payable in the same manner as the first two groups of payments in the third memorandum opinion. All of these payments would be tax-free to Mrs. Lien and not deductible by Mr. Lien. In addition, Mrs. Lien was given support of $1,100 per month for 100 months ending August 1, 1986 and $4,270 per month for 60 months commencing September 1,

---

**4.** This figure was arrived at by the trial court as follows:

| | |
|---|---|
| Mr. Lien's net worth | $4,000,000 |
| Plus: Mrs Lien's net worth excluding jewelry and personal property | 113,000 |
| Total family assets | $4,113,000 |
| Less: | |
|   Assets owned by Mr. Lien at time of marriage | $400,000 |
|   Inherited by Mr. Lien | 85,000     485,000 |
| Total to be divided | $3,628,000 |
| One-third to Mrs. Lien | $1,209,333 |
| Less: | |
|   Property already in her name | 113,000 |
| Mr. Lien to pay Mrs. Lien | $1,096,333 |

1986 and ending August 1, 1991. The support payments were to be tax-deductible to Mr. Lien and taxable to Mrs. Lien, were to be terminated on Mrs. Lien's death, but were to remain an obligation to Mr. Lien's estate in the event of his death. Judgment was entered in accordance with these findings of fact.

## PROPERTY DIVISION AND SUPPORT

Mr. Lien, as appellant, attacks the property division and support allowances as excessive and an abuse of the trial judge's discretion on the following grounds:

a. because it fails to fully consider the federal income tax consequences,

b. because Mrs. Lien did not contribute to the accumulation of the property except through socialization and business entertainment,

c. because Mrs. Lien does not have experience in handling the large sums of money and support awarded her,

d. because the award fails to take into account all of Mrs. Lien's property,

e. because compliance with the award will work a catastrophe on Mr. Lien's personal and business financial status, and

f. because the support allowance is substantially in excess of Mrs. Lien's requirements for support, and because Mrs. Lien has no current plan for seeking employment even though she is in good health, has a college degree and is capable of working.

We have carefully considered all of these circumstances and Mr. Lien's arguments in their support, and are not persuaded that the trial judge clearly abused his discretion. We must and do therefore affirm the judgment as to the amount of property division and support.

■ Mr. Lien's claim that the trial judge failed to fully consider the federal income tax consequences of its judgment is three pronged: (1) that the judge should have deducted the federal income tax which would accrue if Mr. Lien liquidated all of his assets (which would be $1,582,400) in arriving at Mr. Lien's net worth, (2) that Mr. Lien's high income shouldn't have been considered because much of it was from Subchapter S corporations and wasn't actually received by Mr. Lien, and (3) because Mr. Lien is in a 70% tax bracket, his before tax income shouldn't be considered.

The claim that the trial judge must reduce a party's net assets by the deferred federal income tax accruable on a total liquidation of assets would be valid if (a) the property division compelled a total liquidation of assets and (b) if it were probable that the most disadvantageous method of sale from a tax standpoint would be used. Neither of these assumptions find any basis in the record. It was not error for the trial judge to refuse to consider theoretical tax consequences of a sale which is neither necessary nor probable but merely conjectural. *Wahl v. Wahl* (1968), 39 Wis.2d 510, 159 N.W.2d 651. In this case, the trial judge did deduct $300,656 [5] for this item in computing Mr. Lien's net worth, and such action is adequately supported by the record.

With regard to Mr. Lien's income and his income tax bracket, the record is clear that the trial judge understood and gave those factors only the weight to which they were entitled. After the trial judge's first memorandum opinion, several hearings were held at which both counsel were permitted to offer evidence and arguments.

Throughout the proceedings in the trial court and in this appeal, Mr. Lien's most serious and spirited attack on the property

---

5. This figure was arrived at in the following manner as set out in Finding of Fact # V: "In order to recognize the tax consequences of the property division the Court will, however, since the Court's property division is in cash and the manner of satisfying the same is left to the defendant, reduce the net worth of defendant by a *sum equal to the percentage of the gross* property of Four Million Eighty Hundred Forty Thousand Two Hundred Eight Dollars ($4,840,-208.00), which the sum of Eight Hundred Seventy-Six Thousand Dollars ($876,000.00) awarded to plaintiff represents, which is Nineteen Percent (19%), as follows:

19% × $1,582,400.00 = $300,656.00

division and support award is on the basis that Mrs. Lien did not contribute to the acquisition of his property, and therefore she should not receive any substantial share of his property, but should be limited to the assets she had at the time of the divorce together with an allowance for support in the amount of $3,250 per month.

While contribution of each party to the accumulation of the property is one of the factors to be considered in making a division of property and support award, it is not the only factor. Mrs. Lien spent 23 years of her life in the traditional role of a wife, and it clearly appears from the record that she performed the role well. She is now separated from her training by 25 years and has acquired no readily marketable skills during that period. Her future income potential is very modest in comparison with Mr. Lien's earning capacity. All of the appropriate factors in this case point to Mrs. Lien having a substantial equitable claim on Mr. Lien's assets. The trial judge's action in awarding her cash, deferred payments and support approximating one-third of Mr. Lien's assets was not a clear abuse of discretion. The fact that she does not have experience in the business world in handling such large sums of money is not a valid reason for not doing equity. Financial advisors are readily available to those who need their services.

The trial judge refused to consider the value of jewelry and art objects which Mrs. Lien had received as gifts over the years or her household goods in making a division of the property. His reason for not doing so was that he also did not consider Mr. Lien's personal property or fringe benefits available to him through his various companies. Mrs. Lien's property which was not considered was worth in excess of $90,000 and is therefore substantial. However, we believe the equities between the parties were clearly balanced out when the trial judge also excluded from consideration as Mr. Lien's assets of $155,000 in assets of questionable value and $384,000 of potential contingent liabilities. Our examination of the record satisfies us that the trial court did not abuse his discretion in this regard.

Mr. Lien's claim that compliance with the judgment herein will be a financial catastrophe to him finds no real support in the record other than his bare conclusion. It is true that he may have to sell part of his assets to make the payments required by the judgment. But an inevitable result of virtually every property division is that the husband who is required to turn over part of his assets to his wife at the termination of a marriage has fewer assets after the division than before. Such a result cannot defeat an equitable division of assets.

Mr. Lien objects to the support allowance in the judgment on the grounds that Mrs. Lien does not need this support because of the money given her as a division of property, and cites the language used in *Guindon v. Guindon* (S.D.1977), 256 N.W.2d 894 at 898:

Alimony will not be awarded in such an amount as would allow a wife capable of work to sit in idleness, nor will it be denied merely because she may be able to obtain employment and support herself.

Such language has no application to a case like this one where the assets of the parties are so substantial that both parties could easily sit in idleness if they chose to do so.

A division of property and allowance for support must be considered together to determine whether a court has abused its discretion. *Van Cleave v. Van Cleave* (1978), 201 Neb. 211, 266 N.W.2d 900. Throughout this case, Mr. Lien has sought to have as much as possible of the property division payable in such a manner as to make it tax-deductible to him and taxable to his wife. In fixing this support allowance, the trial judge was clearly acceding to this request, and it was proper for him to do so. *Vaughn v. Vaughn* (S.D.1977), 252 N.W.2d 910.

Viewing the property division and support allowance together the combined total is not so large in relation to the total assets and income of the parties that we can say the trial judge clearly abused his discretion.

## ATTORNEYS' FEES

The trial court fixed Mrs. Lien's attorneys' fees at $52,735.65 and ordered Mr. Lien to pay them, and he appeals therefrom.

The statutory basis for allowing attorneys' fees as costs in domestic relations cases is found in SDCL 15–17–7:

"... but nothing herein shall abridge the power of the court to order payment of attorneys' fees in all cases of divorce, annulment of marriage, or for separate maintenance and alimony, where the allowance of the same before or after judgment shall seem warranted and necessary to the court. ..."

We have repeatedly held that the allowance of attorneys' fees to a wife rests in the sound discretion of the trial court, and will not be interferred with by this court unless it appears that there is error in the exercise thereof. *Baron v. Baron* (1947), 71 S.D. 641, 28 N.W.2d 836; *Kuehn v. Kuehn* (1952), 74 S.D. 521, 55 N.W.2d 70; *Foss v. Foss* (1968), 83 S.D. 574, 163 N.W.2d 354; *Pochop v. Pochop*, 89 S.D. 466, 233 N.W.2d 806 (1975); *Hansen v. Hansen*, supra. Each case must rest on its own facts, and there is little to be gained by comparing the present fee with others which have previously been allowed. *De Witt v. De Witt* (1971), 86 S.D. 59, 191 N.W.2d 177; *Ver Meer v. Ver Meer* (S.D.1976), 241 N.W.2d 571.

■ As we stated in *De Witt*, the trial court in fixing a reasonable fee should consider those elements involved in fixing legal fees generally, namely: the amount and value of the property involved, the intricacy and importance of the litigation, the labor and time involved, the skill required to draw the pleadings and the trying of the cause, the discovery procedures utilized, whether there existed complicated legal problems, the time required to try the cause, and whether written briefs were required. Where an appeal to this court is involved, that can also be considered. *Holforty v. Holforty* (S.D.1978), 272 N.W.2d 810.

■ In this case, the trial court had before it an itemized statement of the services rendered by Mr. Porter, but without any showing as to the time expended. While the judge would know the time counsel was before him, he shouldn't be required to guess at the out-of-court time spent on the case. Since the time spent on the case is such an important factor in setting a reasonable fee, we must remand so this element can be considered along with all other appropriate factors.

■ In fixing a reasonable fee in divorce cases, the trial judge should not include an allowance for good results obtained by the wife's attorney. While this is a legitimate factor as between the wife and her attorney, it would be inequitable to require the husband to contribute to the payment of a fee based on good results obtained by the wife's attorney. *Hennen v. Hennen* (1972), 53 Wis.2d 600, 193 N.W.2d 717.

■ After determining what constitutes a reasonable fee in the case, the trial judge in a divorce case has to make the further decision of what portion of the wife's attorney fees should be allowed as costs and thereby paid by the husband. SDCL 15–17–7; *Bollenbach v. Bollenbach* (1970), 285 Minn. 418, 175 N.W.2d 148; *Hennen v. Hennen*, supra.

In making this determination, the trial judge should consider the property owned by each party; their relative incomes, *Jameson v. Jameson* (S.D.1976), 239 N.W.2d 5; whether the wife's property is in liquid or fixed assets, *Iverson v. Iverson* (S.D. 1976), 241 N.W.2d 583; whether the actions of the wife increased unreasonably the time spent on the case, *De Witt v. De Witt*, supra; and whether the actions of the husband increased unreasonably the time spent on the case, *Rock v. Rock*, 89 S.D. 583, 236 N.W.2d 191 (1975).

On remand, the trial judge should first determine a reasonable fee for Mrs. Lien's attorney based on the factors mentioned herein, and then determine what portion of that fee, if any, should be paid by Mr. Lien under SDCL 15-17-7.

## INTEREST RATE

Mrs. Lien appeals from that portion of the judgment which provided that Mr. Lien should pay interest at the rate of 6% per annum on the unpaid balances of the property division. She urges that deferred payments should bear interest at the going rate.[6] *Hanson v. Hanson* (S.D.1977), 252 N.W.2d 907. The record establishes that the going rate of interest in Pennington County at the time of this divorce ranged from 8½% to 9¼%.

■ The division of property in a divorce action is designed to settle with finality the property rights of the parties as of the time of entry of judgment. *Holt v. Holt* (1970), 84 S.D. 671, 176 N.W.2d 51. Each party is entitled to their respective property as of that date. It follows as a necessary corollary that if for the convenience of the husband he is permitted to make a property division by paying his wife her share of the marital property in cash in installments that as a general rule any deferred payments should bear interest at the going rate; otherwise, the wife is not actually receiving the property division to which the court has determined she is entitled.

■ There can be exceptions to this rule. A trial judge could properly set an interest rate on deferred payments at a rate lower than the going rate if the lower rate is an integral part of the overall plan for property division. We are satisfied that such is the fact in this case.

The trial judge determined that Mrs. Lien should receive approximately one-third of the family's net assets, and that because she was inexperienced in business affairs and because he concluded that Mr. and Mrs. Lien couldn't reasonably be expected to get along as business partners, she should receive her equitable share of the assets in cash. Because of the large amount of money involved which created practical prob-

lems of cash availability and the tax consequences to Mr. Lien of acquiring this cash either by liquidation of assets or out of his income, the trial judge, after several hearings, devised the rather elaborate plan previously set out in detail, involving large payments over a relatively short time, deferred payments over a longer time but short enough to make them nontaxable to Mrs. Lien, and support payments over about 13 years which would be deductible to Mr. Lien and taxable to Mrs. Lien. Interest on the deferred payments would also be deductible by Mr. Lien and taxable to Mrs. Lien.

The trial judge had before him at the time he devised this plan evidence of the going rate of interest in the community. It is clear to us that in fixing the interest rate at 6%, the trial judge did so as an integral part of his plan to make an equitable distribution of property, and such action falls within the broad discretion of trial courts in deciding these issues.

## CONCLUSION

The learned trial judge did not abuse his discretion in awarding Mrs. Lien $876,000 as a property division and awarding her support allowances totaling $366,200 payable over about 13 years, and in fixing 6% per annum as the interest rate on the deferred payments of the property division. As to those matters, the judgment is affirmed.

The case is remanded for the purpose of determining a reasonable fee for Mrs. Lien's attorney and for determining what portion of that fee should be paid by Mr. Lien as costs.

Assignments of error not discussed herein are held to be without merit.

WOLLMAN, C. J., MORGAN, J., ANDERST and DOBBERPUHL, Circuit Judges, concur.

6. There was no issue raised in this appeal as to whether money judgments in divorce cases should bear interest at the rate made applicable to other judgments by SDCL 15-16-3 and SDCL 54-3-5. *Arnold v. Arnold* (1966) 258 Iowa 846, 140 N.W.2d 874; *Cumming v. Cumming* (1975), 193 Neb. 601, 228 N.W.2d 296; 47 C.J.S. Interest § 21. Therefore we do not consider that question in this case but will await an appeal where that question is raised, briefed and argued.

JONES, Circuit Judge, sitting for DUNN, J., disqualified.

DOBBERPUHL, Circuit Judge, sitting for HENDERSON, J., disqualified.

ANDERST, Circuit Judge, sitting for FOSHEIM, J., disqualified.