Esther A. HERRBOLDT, Plaintiff
and Appellee,

v.

Melvin R. HERRBOLDT, Defendant
and Appellant.

No. 12948.

Supreme Court of South Dakota.

Submitted on Briefs Oct. 22, 1980.

Decided March 11, 1981.

Rehearing Denied April 15, 1981.

Henderson, J., filed dissenting opinion
in which Fosheim, J., joined.

Richard D. Hagerty of Hagerty Law Offices, Yankton, for plaintiff and appellee.

John P. Blackburn of Blackburn Law Offices, for defendant and appellant; Michael D. Stevens, on brief.

MORGAN, Justice.

The trial court granted Esther A. Herrboldt (appellee) a divorce from Melvin R. Herrboldt (appellant), awarded appellee $200 per month alimony, and made a property division. It is from the property division that appellant appealed. We affirm.

Appellant and appellee were married in 1949. Four children were born as issue of the marriage. All of the children had attained the age of majority at the time of the divorce. Since appellant stipulated to the reason for the divorce, the trial was conducted to establish the parties' various properties and their values.

The parties had been married for twenty-nine years. At the time of the marriage appellant had $500 that he used to purchase a tractor. Appellee entered the marriage with a house full of new furniture, several head of livestock, and about $1,000 in cash. During the course of the marriage the parties accumulated substantial property, on which the trial court placed values and then divided between the parties.

Upon this court's review of the trial court's findings, due regard must be given to the opportunity of the trial court to judge the credibility of the witnesses and to weigh their testimony, and the court's findings will not be set aside unless they

are clearly erroneous. This court will also "accept the evidence including any reasonable inferences which are favorable to the trial court's determination."

*Hanks v. Hanks,* 296 N.W.2d 523, 524 (S.D. 1980) (citations omitted).

In a divorce action, the trial court has total jurisdiction of the parties' property. *Miller v. Miller,* 83 S.D. 227, 157 N.W.2d 537 (1968). "The trial court has broad discretion in making a division of property ... and this court will not set aside or modify its decision unless it clearly appears that the court abused its discretion." *Wallahan v. Wallahan,* 284 N.W.2d 21, 26 (S.D.1979); *Lien v. Lien,* 278 N.W.2d 436 (S.D.1979); *Hansen v. Hansen,* 273 N.W.2d 749 (S.D.1979); *Kittelson v. Kittelson,* 272 N.W.2d 86 (S.D.1978).

" 'When dividing the money or property of the parties the trial court must make a fair and just award considering all the material factors.' " *Hanks,* supra, at 527 (citations omitted); *Hanson v. Hanson,* 252 N.W.2d 907 (S.D.1977). "In making an ... equitable division of property the trial court must consider the duration of the marriage, the ages of the parties, their state of health and their competency to earn a living, the value and income-producing capacity of the property of each party, and the contribution of each party to the accumulation of the property." *Wallahan,* supra, at 24; *Lien v. Lien,* supra; *Hansen v. Hansen,* supra; *Kittelson v. Kittelson,* supra; *Stenberg v. Stenberg,* 90 S.D. 229, 240 N.W.2d 100 (1976). "The trial court must make the division of property on the basis of these principal factors while having due regard for equity and the circumstances of the parties." *Hansen,* supra, at 751; *Kittelson v. Kittelson,* supra; *Hanson v. Hanson,* supra; *Miller v. Miller,* supra.

Appellant's issues involve the trial court's valuations of some of the properties. This court, however, will not attempt to place valuations on the assets, since that task is within the province of the trial court, and this court will not sit as the trier of fact. *Hanks v. Hanks,* supra; *Hansen v. Hansen,* supra; *Kittelson v. Kittelson,* supra; *Guin-*

*don v. Guindon,* 256 N.W.2d 894 (S.D.1977); *Stenberg v. Stenberg,* supra.

This court's standard of review, with regard to the valuation of the property, is whether the trial court divided the assets in an equitable manner. *Hansen v. Hansen,* supra; *Kittelson v. Kittelson,* supra; *Guindon v. Guindon,* supra; *Stenberg v. Stenberg,* supra. The only time that this court will interfere with the valuations as determined by the trial court is when the trial court has made a clearly erroneous valuation finding, *Hansen v. Hansen,* supra, or "where assets are completely overlooked by the trial court or minimized by mortgages which may or may not be legitimate liens against the marital property." *Kittelson,* supra, at 88.

In determining the valuations of the properties, the trial court is not bound by the valuations set forth by the parties. *Hanks v. Hanks,* supra. In determining the valuations to be used in making the property division, the trial court need only set the values at a figure that lies within a reasonable range of figures, and it need not be an exact amount. *Id.* "As to the trial court's allocation of assets and debts ... we [have] said: 'In reviewing the division of property ... we take cognizance of the fact that the trial court has broad discretion in making such division ... and we will not modify or set them aside unless it clearly appears that the trial court abused its discretion.' " *Hanks,* supra, at 526.

This court's scope of review is not to place valuations on the property, but only to be sure that the trial court did not abuse its discretion. The record supports the trial court's findings as to valuations, and there appears to be no abuse of discretion on the part of the trial court. The trial court need not be exact in determining the values, but rather, it need only be within a plausible range of figures.

We therefore affirm the trial court's property division in this case.

WOLLMAN, C. J., and DUNN, J., concur.

HENDERSON and FOSHEIM, JJ., dissent.

HENDERSON, Justice (dissenting).

Appellate review, in depth, is indispensable to the orderly administration of justice. Without it, our trial courts would be the courts of last resort. It should be remembered that trial courts in our state work independently and have no self-regulating capacity to provide uniformity among their decisions. Litigation is often fevered and combative. From these arenas of social struggle, hundreds of cases filter into this Court on a yearly basis with anguished cries that "I have been aggrieved." Petitions for redress—denominated appeals—are commonplace in the law of domestic relations and each petition must be separately and reflectively considered. Were appellate review treated superficially or the decisions of trial courts simply rubber-stamped, great divergences in practice and variations in results would arise between these courts of first impression, which would effectively nullify the concept of "equal justice for all."

It is not enough to bless old decisions of this Court and assume the comfortable posture that the trial court did not abuse its discretion. Although the trial court has a broad discretion in making a division of property, it is judicial discretion, not an uncontrolled one, and its exercise must have a sound and substantial basis in the testimony. SDCL 25–4–44; *Fink v. Fink*, 296 N.W.2d 916 (S.D.1980); *Hansen v. Hansen*, 273 N.W.2d 749 (S.D.1979). We owe a duty to breathe life into that rule. The correct examination of each case provides a basis for the future prediction of the application of judicial power.

It is with these thoughts in mind that I address this appeal. Throughout this dissent, I shall refer to Esther A. Herrboldt, plaintiff-appellee, as "wife" and Melvin R. Herrboldt, defendant-appellant, as "husband."

Husband has appealed from the division of property and alimony portion of the decree of divorce. Immediately following are the three separate legal issues formally presented by husband on appeal which cannot be brushed aside by the majority's characterization that husband's "issues involve the trial court's valuations of some of the properties."

Issue 1: The testimony at trial does not support the value and liabilities as adopted by the trial court. The values adopted by the trial court were not the values as of the day of trial; the trial court omitted certain debts of the parties in arriving at the net marriage estate; and the trial court placed too high a value on the parties' real estate, allegedly ignoring comparable real estate sold within thirty days of the time of trial.

Issue 2: The trial court erred by giving husband full credit for the value of the trucking business and assets when the undisputed testimony reflected that he only owned one-half of the business. Further, husband was only allowed to deduct one-half of the allowable trucking expenses.

Issue 3: The trial court erred by failing to take into consideration all mortgages encumbering the land.

Basically, husband contends that the lower court's decision should be reversed and the case remanded for a more accurate, equitable division on the marital property. I agree for the reasons assigned below.

Let us examine the rulings of the primary decision-maker to determine if they were correct. A factual setting is in order. Husband and wife were married for twenty-nine years. At the conclusion of their marital life, they had accumulated considerable property with sizeable indebtedness. Both are in good health and are capable of earning a living. Wife is forty-nine years of age and husband is forty-eight. Husband has an eighth-grade education and wife has two years of college at the University of South Dakota at Springfield. Wife has held a teaching certificate and has kept books in the past and was employed as a motel clerk when this action was commenced. Throughout the marriage, husband and wife operated a farming operation. Wife did not always work on the farm full-time, but did work at other part-time jobs. Husband and the parties' son, Dwayne, operate a trucking operation. Husband and wife both actively participated in the farming operation.

The trial court made the following award per the divorce decree (emphasis supplied):

1. Husband is to pay Wife $200.00 per month as alimony, during her natural life or until she remarries;

2. Husband is to convey to Wife, *free and clear of all liens, mortgages and other encumbrances*, the following real estate: West Half of the Southwest Quarter of Section Twenty-three, Township Ninety-six North, Range, Fifty-seven, West of the 5th P.M., in Yankton County, South Dakota;

3. Husband is to assign to Wife $25,000 of the remaining $33,192 equity in land being purchased by the parties' son and daughter-in-law, *said property is to be free of all liens and mortgages* at the time of said assignment;

4. Husband is to assign to Wife all of his right, title and interest in and to a Sheriff's Certificate of Sale dated June 16, 1978, *free and clear of all mortgages*, to the following described land: the Northeast Quarter of Section Three, Township Ninety-five North, Range Fifty-seven, West of the 5th P.M., in Yankton County;

5. Husband is to convey his interest to a 1977 Ford LTD automobile and to permit her to gather and take her personal effects and family heirlooms from the parties' residence;

6. Wife is to convey to Husband, subject to *existing* mortgages, all of her right, title and interest to the following real estate: (1) Northwest Quarter of Section Twenty-three; (2) The West Half of the Southeast Quarter of Section Twenty-three; and (3) the Southeast quarter of Southeast Quarter of Section Twenty-three, all in Township Ninety-six, Range Fifty-seven, Yankton County, South Dakota; and

7. Each party is responsible for the payment of their own attorney fees.

8. Husband is entitled to the rest of the property of the parties and is liable *for all debts and encumbrances.*

The trial court made the following monetary allocations to the husband and wife as per the award of property to each litigant:

### WIFE

| | | |
|---|---|---|
| Ancestral land ½ SW ¼ | | $48,000 |
| Remaining ½ SW ¼ | $48,000 | |
| Contract Equity | 25,000 | |
| Kost NE ¼ of 3 | 47,900 | |
| Auto | 4,500 | |
| Subtotal | 125,400 | |
| Ancestral land | 48,000 | |
| Wife's grand total award | $173,400 | (computed by court) |

### HUSBAND

| Property Awarded | | Mortgages & Debts | |
|---|---|---|---|
| NW ¼ | $112,000.00 | Federal Land Bank | $122,500.00 |
| W ½ SE | 52,000.00 | P.C.A. | 97,500.00 |
| SE ¼ SE ¼ | 26,000.00 | Interest | 4,860.00 |
| Livestock | 94,250.00 | Menno Bank | 45,418.45 |
| Machinery | 48,200.00 | Drotzman | 39,000.00 |
| Trucks & Trailers | 56,000.00 | ½ Truck Exp. | 6,389.61 |
| Feed & Grain | 6,190.00 | Taxes | 2,038.40 |
| Truck Contract | 40,000.00 | I.R.S. | 1,891.00 |
| Contract Interest | 8,192.00 | Other debts | 5,429.81 |
| Car | 6,700.00 | Kost Mortgage | 18,913.76 |
| | 449,532.00 | Kost Mortgage | 18,885.70 |
| Less debts | 362,826.73 | | $362,826.73 |
| Husband's grand total award | $ 86,705.27 | (computed by court) | |

This division is tantamount to an award of 66⅔% for the wife and 33⅓% for the husband. If the ancestral land valued at $48,000.00 is not included in her total award of $173,400.00 (thereby reducing her award to $125,400.00), the wife's award would be 59.12% and the husband's award would be 40.88%. Hypothetically, if I were to consider the trial court's findings of fact as being correct in their totality, I would remain steadfast in my opinion that such an award is unfair. Conceding the settled law of this state as being the seven factors set forth in *Clement v. Clement*, 292 N.W.2d 799 (S.D.1980), and *Hansen v. Hansen*, supra, I maintain that the trial court abused its discretion in restricting husband to a one-third award of the marital assets. The particulars of this case indicate the following: (1) The marriage was of a twenty-nine year duration; (2) the value of the property and the indebtedness is considerable, as reflected above; (3) both husband and wife are approaching fifty years of age; (4) the health of the litigants is good; (5) both parties are able to earn a living, and actually, the wife is better educated and in a

better position to hold down employment than husband; (6) each party contributed equally to the marriage, working side by side to acquire the assets of the marriage; and (7) each party has an income-producing capacity that does not forbid employment or hard work. There is no showing in the record that wife's contribution was greater than her husband's or that she needs or deserves more property than her husband.

Considering the inequitable property award, the alimony award of $200.00 per month was a layer of inequity upon existing inequity. The wife does not need alimony. She has a healthy body and sufficient property to earn a decent living. Wife's land can be (a) leased out for cash; (b) farmed on shares; or (c) sold. If sold, she will enjoy a comfortable down payment and interest income. This Court ruled in *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979), that in determining whether the trial court has abused its discretion, the property division and alimony award will be considered together. Let us breathe life into that holding. In my dissent in *Cooper v. Cooper*, 299 N.W.2d 798 (S.D.1980), I voiced my concern for equity for both women and men. I voice it again. Equity is not a beautiful star to gaze upon with lofty thoughts. It cannot be vague and enigmatic; equity must be explicit enough, accurate enough, and practicable enough that it offers freedom from all influences that would affect the truth or accuracy of its pronouncement. Indeed, unlike a star, you must be able to grasp it.

I shall treat the three issues set forth above separately, thereby demonstrating additional reversible error.

## ISSUE 1.

The parties separated on October 9, 1978. This case was tried on February 14, 1979. The decree of divorce was entered on August 31, 1979. It appears the trial court used an October 25, 1978, Production Credit Association (PCA) balance sheet to establish the value of the parties' farm machinery. Astonishingly, the record reflects that the farm machinery valuation on the October 25, 1978, balance sheet was a carry-over from previous records. This author submits that the October 1978 PCA balance sheet was not credible evidence from which the trial court could base its valuation of the farm machinery. The only credible evidence as to the value of the farm machinery was given by husband, as wife did not testify on this point. Husband testified that his farm machinery was worth $35,000.00. The preparer of the PCA report never personally inspected the farm machinery. This evidentiary approach led to an error in valuation on the farm machinery of $13,200.00. Furthermore, the valuation of these assets should have been made either at the time of the entry of the decree of divorce or at the time of the trial, and not from a remote period of time. *Miller v. Miller*, 83 S.D. 227, 157 N.W.2d 537, 540 (1968).

It is erroneous for the trial court, in determining the marriage estate to be divided, to disregard the debts of the marriage. Husband's undisputed testimony established miscellaneous debts of $8,722.00, an amount of $3,292.19 more than the trial court found. These debts were for a $2,000.00 overdraft to the Menno State Bank; a $5,022.00 debt that husband owed his son; a $700.00 repair bill on a tractor; and a $1,000.00 debt owing by husband to his father-in-law on 80 acres of land purchased from him.

## ISSUE 2.

Husband actively engaged in a trucking business with the parties' son, Dwayne. The undisputed testimony reveals that husband owns only one-half of this business. The trial court awarded the entire trucking business assets to husband consisting of tractor-trucks and trailers valued at $56,000.00, and a trucking contract valued at $40,000.00. In what appears to be an inconsistency, the lower court allowed husband to deduct one-half of the trucking expenses. There was an encumbrance on the trucking contract in the amount of $39,000.00 and a $12,779.00 debt consisting of business expenses which the trial court recognized as being payable by husband; the trial court considered only one-half of this debt, that is, $6,389.61, as being the responsibility of

husband. A monumental error is inherent, for the total gross value of the marriage estate should have been reduced by $48,000.00, which would have represented the one-half interest the parties' son had in the business. Two additional inequities in computation arose: husband should have been credited with one-half of the unpaid balance on the trucking business which amounted to $19,500.00 (one-half of the $39,000.00 encumbrance), and there were also undisputed trucking expenses in the amount of $22,568.81. As the son is responsible for one-half of the trucking expenses, husband's share of the total expense should have been $11,284.00 as compared to the $6,389.61 which the trial court allowed. This amounts to a $4,894.79 wrong committed unto husband.

### ISSUE 3.

In dealing with this issue, I refer to the trial court's award found at arabic No. 4 above. I also refer to the monetary allocations of wife's award and particularly the Kost land, depicted as the Northeast Quarter of Section Three. It is to be noted that husband is to assign all of his right, title and interest in and to a Sheriff's Certificate of Sale *free and clear of all mortgages.*

This 160 acres of land was valued at $47,900.00 by the trial court. This valuation was arithmetically determined by adding a down payment of $29,000.00 on an unpaid mortgage of $18,913.76 in favor of the Federal Land Bank.* The trial court's findings, however, recognized another mortgage in favor of the Farmers Home Administration in the amount of $18,885.70. Husband, under the terms of the decree, is required to pay both of these mortgages. It appears that the trial court's valuation of these 160 acres at $47,900.00 is contrary to its own findings. As I view it, the trial court made an accounting error in excess of $18,000.00, as it should have considered both mortgages. Husband, being required to pay both mortgages, should receive credit for both mortgages. Had the trial court added together the $29,000.00 down payment, the $18,913.76 mortgage, and the

$18,855.70 mortgage, it would have arrived at a value of $66,799.46 to wife. This figure of $66,799.46 is the only figure that generally approximates the only appraisal made on this land which was testified to as being $68,000.00. Thus, the trial court's valuation of the property as being $47,900.00 was unsupported by the testimony and was not determined by its own peculiar process of determining valuation. A trial court abuses its discretion when it completely overlooks the liabilities of the parties when making a property division. *See Kittelson v. Kittelson,* 272 N.W.2d 86 (S.D. 1978). I therefore take exception to the majority opinion wherein it expresses that the values are within a plausible range of figures.

I would reverse and remand for a judgment consistent with the statements herein expressed.

I am authorized to state that Justice Fosheim joins in this dissent.

---

* The trial court rounded off this latter figure to $18,900.00.