Donna DeVRIES, Plaintiff and Appellant,

v.

Oscar DeVRIES, Defendant and Appellee.

Nos. 18392, 18406.

Supreme Court of South Dakota.

Considered on Briefs March 23, 1994.

Decided July 6, 1994.

---

Karen L. Crew of Crew and Crew, Sioux Falls, for plaintiff and appellant.

Dennis C. McFarland, Sioux Falls, for defendant and appellee.

AMUNDSON, Justice.

Donna DeVries appeals and Oscar DeVries cross-appeals the judgment and decree of divorce entered April 22, 1993. We affirm in part, reverse in part, and remand.

## FACTS

Donna DeVries (wife) and Oscar DeVries (husband) were married July 26, 1968, in Sioux Falls, South Dakota. The couple has four children, two of whom are minors, ages

10 and 13. Custody, child support and visitation are not subjects of this appeal.

Husband graduated from high school and has obtained various professional designations associated with the insurance industry. After receiving the appropriate education, he worked as an insurance agent and eventually opened his own insurance agency, DeVries Insurance Agency, Inc., d/b/a The Insurance Connection, in Sioux Falls, South Dakota.

Wife also has a high school education and attended a secretarial training course at Mankato Commercial College for six months prior to the marriage. Wife has worked part-time at her husband's agency as a secretary/bookkeeper for the majority of the marriage. She continued to work at the agency until commencing this divorce action.

The trial court granted wife a divorce on grounds of extreme cruelty. In its judgment and decree of divorce, the court awarded wife property valued at $146,259.00. Husband was awarded $259,032.00 of property. A farm property, inherited by wife, was split $26,750.00 for wife and $8,250.00 for husband. Husband did not receive an interest in the farm property, but the trial court gave him credit for his share in a $64,600.00 property settlement award given to wife to equalize the property division.[1]

Wife was awarded alimony of $600.00 per month for ninety days with a reduction to $400.00 per month for ninety more days, and then a final reduction to $300.00 per month until wife dies, remarries, or reaches age 65. The trial court also ordered husband to pay wife $3,500.00 attorney fees plus expenses. Further details are discussed in analysis of the issues raised on appeal.

## ISSUES

1. Is the trial court's valuation of the marital property clearly erroneous?

2. Is the trial court's division of the marital property an abuse of discretion?

3. Is the trial court's alimony award an abuse of discretion?

4. Has the trial court abused its discretion in awarding attorney fees and expenses to wife?

## ISSUES ON CROSS–APPEAL

5. Did the trial court err in not granting husband the divorce on grounds of extreme cruelty?

6. Is the trial court's valuation of husband's business clearly erroneous?

7. Has the trial court correctly accounted for the farm property in its division of property?

8. Has the trial court abused its discretion in setting the term of years for alimony?

## STANDARD OF REVIEW

 A trial court's division of property or award of alimony will not be disturbed by this court unless it clearly appears the trial court abused its discretion. *Steffens v. Peterson*, 503 N.W.2d 254, 257 (S.D.1993). "The term 'abuse of discretion' refers to a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Gross v. Gross*, 355 N.W.2d 4, 7 (S.D.1984). We need not determine whether we would have made the same ruling, but whether "a judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion." *Steffens*, 503 N.W.2d at 257 (citations omitted).

## ISSUE 1

Is the trial court's valuation of the marital property clearly erroneous?

 We do not require exactitude in the trial court's valuation of assets; it is only necessary that the value lie within a reasonable range of figures. *Johnson v. Johnson*, 471 N.W.2d 156, 162 (S.D.1991). This court will not overturn a valuation unless it is clearly erroneous. *Id.* (citing *Herrboldt v. Herrboldt*, 303 N.W.2d 571, 572 (S.D.1981)).

Wife contends that the trial court's valuation of household goods was clearly errone-

1. The $64,600.00 property settlement was to be paid over a twelve year period with interest at a rate equal to the long-term T–Bill rate, plus two percent.

ous. At trial, wife's expert appraised the marital residence's household goods at $10,635.00. The expert valued the household goods in husband's apartment and two garages at $5,482.50, and the household goods at the family's Lake Poinsett cabin at $16,980.00. Nothing in the record indicates these values were disputed or challenged at trial. Husband did not submit an opinion of the personal property's value.

■ In the judgment and decree, the trial court valued the household goods awarded wife at $10,700.00 and those awarded husband at $14,157.00. Wife's expert valued the husband's share of the household goods at $22,462.50, $8,305.50 more than the value assigned by the court. Although a trial court is not required to accept either party's proposed valuation, the trial court's valuation must "lie within a reasonable range of figures." *Studt v. Studt*, 443 N.W.2d 639, 641 (S.D.1989). Wife's expert was the only witness who valued the household goods. In other words, there was not a "range of figures" for the trial court to work with. The trial court accepted this expert's values in its decision but gave no explanation for the $14,157.00 valuation placed on the household goods awarded to husband. Neither party disputes the equitable division of these household goods. This record clearly demonstrates that husband's share of the household goods has been undervalued by the trial court in the amount of $8,305.50. Therefore, the decree and judgment must be corrected to accurately reflect the value of property awarded to husband with an appropriate adjustment being made to wife's equalization payment.

Husband and wife both argue that the trial court's value of husband's insurance agency was clearly erroneous. Both parties called an expert to appraise the agency. Wife's expert valued only the commissions (expirations) for the agency's most recent year of business multiplied by 1.25 and did not value the physical assets of the business. Wife's expert valued the business at $285,652.50 exclusive of the agency owned autos, furniture, etc.

Husband's expert did not value the insurance renewals or expirations. His appraisal of the business was entirely based upon the assets and liabilities of the agency. He valued the business at $50,016.00. Husband admits that the trial court rejected his expert's appraisal because it did not account for the renewals or expirations.

■ After rejecting husband's appraisal at trial, the trial court explained how it was going to make its determination.[2] In the judgment and decree, the trial court valued the business at $132,000.00.[3] The record does not indicate how the trial court calculated this $132,000.00 figure. The $132,000.00 valuation is not within the testified range of values because husband's appraisal was entirely rejected.

After rejecting husband's appraisal, the lowest value which is supported by evidence is $135,705.17 (i.e. [ (avg. expirations × 80%) × .8] × 88% = value of agency). According to the trial court's equation presented at trial, the value should be $135,705.17. Although a trial court is not required to accept either party's proposed valuation, the value must be within the range of evidence presented to the court. *Studt*, 443 N.W.2d 639; *Johnson*, 471 N.W.2d at 162. The value assigned by the trial court is obviously mathematically incorrect. Therefore, this case is remanded to correct the error. *Fluharty v. Midland Nat. Life Ins. Co.*, 275 N.W.2d 347

---

**2.** The court stated:

Well, based upon what the last witness told me, I'm going to say that—if he's [husband] gone, I would not value that [the expirations] at over 80 percent that amount. So I take that average by 80 percent and then I apply a—my factor is .8 percent—not 1.2, but .8 percent. And then I take 88 percent of that figure, not because of any evidence but because I'm anticipating evidence is going to tell me that somebody else owns 12 percent of it. So I come up with kind of a

starting base for a value of this insurance agency of $132,000 . . .

**3.** Wife also complains that the trial court's valuation did not assign a value to the agency's tangible assets (i.e. furniture, fixtures, equipment, etc.). Contrary to wife's belief, the record indicates that the trial court included the tangibles in its valuation of the agency. The court stated: "[In] that $132,000 figure I'm including the tangibles.... I'm throwing it all in ..."

(S.D.1979); *see also Vander Pol v. Vander Pol,* 484 N.W.2d 522 (S.D.1992).

■ Wife also claims husband sold two automobiles during the pending divorce proceedings without accounting for the proceeds. Husband does not dispute that the sales occurred, but contends these vehicles were included as corporate assets and not marital assets. The record is devoid of any evidence regarding ownership of these automobiles, such as titles. Wife preserved this ownership issue by proposing findings and conclusions which include these sales proceeds for equitable division. The trial court did not adopt the portion of wife's proposal on this disputed asset. Consequently, there is no specific finding on this ownership issue. The absence of a finding on whether these were sales of marital or corporate assets makes meaningful review of the issue impossible. *Pennock v. Pennock,* 356 N.W.2d 913 (S.D. 1984). This court cannot make a finding on this ownership issue and must remand it to the trial court for an appropriate finding.

### ISSUE 2

Whether the trial court's division of the marital property was an abuse of discretion?

■ Wife argues that the division of property is inequitable because of the trial court's erroneous valuation. After applying the factors outlined by this court in *Ryken v. Ryken,* 461 N.W.2d 122 (S.D.1990), the trial court decided to divide the marital property equally. Wife has not shown that this division would be an abuse of discretion. Therefore, we affirm the equal division after appropriate changes in the valuation of assets have been made to the $64,600.00 equalization payment. *Johnson,* 471 N.W.2d 156.

### ISSUE 3

Whether the trial court's alimony award was an abuse of discretion?

■ Wife also challenges the trial court's decision to award her $300.00 per month in alimony until she dies, remarries, or reaches age sixty-five. The trial court's discretion for awarding alimony is secured by SDCL 25-4-41.[4] An award of alimony will not be set aside unless it clearly appears that the trial court abused its discretion. *Bell v. Bell,* 499 N.W.2d 145 (S.D.1993).

■ Factors to be considered in awarding alimony are: (1) the length of the marriage, (2) the parties' respective ages and health, (3) the earning capacity of each party, (4) the financial condition of each party after the property division, (5) the parties' station in life or social standing, and (6) the relative fault in the termination of the marriage. *Stubbe v. Stubbe,* 376 N.W.2d 807 (S.D.1985).

The decree shows the trial court considered these factors in awarding alimony. The parties were married for twenty-three years. The court found husband was capable of earning an income of $57,000.00 per year and wife is capable of earning approximately $7.00 per hour. After weighing the other factors, the trial court ordered husband to pay $600.00 per month retroactive to July 15, 1992, for a period of ninety days. The sum was then reduced to $400.00 per month for ninety days, and then reduced to a sum of $300.00 per month until wife dies, remarries, or reaches age sixty-five.

■ Wife contends that this award is insufficient and will not cover her expenses. A spouse's anticipated expense is not a definitive factor to be considered by courts when awarding alimony. *See Stubbe,* 376 N.W.2d at 809. Under the trial court's decree, wife will receive $1,070.00 per month for alimony and child support. The court found that wife was capable of earning $7.00 per hour given her present work skills. Full-time employment plus wife's alimony and child support provide an income of $2,190.00 per month or $26,280.00 per year. In addition to this income, husband must pay wife $64,000.00 to be amortized over twelve years, plus interest

---

4. SDCL 25-4-41 provides:
 Where a divorce is granted, the court may compel one party to make such suitable allowance to the other party for support during the life of that other party or for a shorter period, as the court may deem just, having regard for the circumstances of the parties represented; and the court may from time to time modify its orders in these respects.

at two percent above the long-term T–Bill rate.

■ Wife also owns farmland valued at $35,000.00. She claims the farm income should not be considered because it is used to support her eighty-one-year-old father. Wife admitted that she pays tax on the farm income, therefore the farm income must be considered when reviewing the alimony award. After reviewing the evidence, we cannot hold that this award is so inadequate as to evidence an abuse of the trial court's discretion.

## ISSUE 4

Whether the trial court abused its discretion in awarding attorney fees and expenses to wife?

■ Allowing attorney fees in domestic relations cases is within the sound discretion of the trial court and its decision will not be reversed absent a showing of a clear abuse of discretion. *Steffens,* 503 N.W.2d at 260. After considering the factors set out in *Lien v. Lien,* 278 N.W.2d 436 (S.D.1979), the trial court ordered husband to pay wife $3,500.00 for attorney fees. Considering these factors in conjunction with this case, we have determined that the trial court did not abuse its discretion in awarding $3,500.00 for wife's attorney fees.

We find the issues raised on cross-appeal lack merit. Therefore, they will not be addressed in this opinion.

Wife requested appellate attorney fees.[5] Under the established precedent of this court, this request has been reviewed and no appellate attorney fees are awarded. *Bell v. Bell,* 499 N.W.2d 145 (S.D.1993); *Straub v. Straub,* 381 N.W.2d 260 (S.D.1986); *Malcolm v. Malcolm,* 365 N.W.2d 863 (S.D.1985); *Senger v. Senger,* 308 N.W.2d 395 (S.D.1981). The judgment of the trial court is affirmed in part, reversed in part, and remanded for proceedings consistent with this opinion.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in part, dissenting in part).

I concur with that aspect of the decision to which I do not dissent.

Inasmuch as this Court has determined that we cannot have a meaningful review of the trial court's division of property, and, therefore, this case is being remanded for a valuation of assets, the award of alimony should not be considered and affirmed at this juncture. As I wrote some 10 years ago in *Martin v. Martin,* 358 N.W.2d 793, 802–803 (S.D.1984) (Henderson, J., dissenting):

> An inherent fault lies in the reasoning of the majority opinion by isolating the subject of alimony. For, as we expressed in *Goehry v. Goehry,* 354 N.W.2d 192, 194 (S.D.1984), "[t]he trial court's award of alimony and the division of property *are considered together* on appeal to determine whether the trial court abused its discretion. *Krage v. Krage,* 329 N.W.2d 878, 879 (S.D.1983) (emphasis supplied) ..."

This Court has long held that the property division and alimony must be considered together. *Kappenmann v. Kappenmann,* 479 N.W.2d 520, 523 (S.D.1992); *Strickland v. Strickland,* 470 N.W.2d 832, 838 (S.D.1991); *Parsons v. Parsons,* 469 N.W.2d 581, 583 (S.D.1991); *Ryken v. Ryken,* 461 N.W.2d 122, 127 (S.D.1990) (*Ryken* II); *Studt v. Studt,* 443 N.W.2d 639, 643 (S.D.1989); *Ryken v. Ryken,* 440 N.W.2d 300, 303 (S.D.1989) (*Ryken* I); *Henrichs v. Henrichs,* 426 N.W.2d 569, 573 (S.D.1988); *Baltzer v. Baltzer,* 422 N.W.2d 584, 587 (S.D.1988); *Stemper v. Stemper,* 403 N.W.2d 405, 407 (S.D. 1987); *Temple v. Temple,* 365 N.W.2d 561, 568 (S.D.1985); *Booth v. Booth,* 354 N.W.2d 924, 927 (S.D.1984); *Palmer v. Palmer,* 316 N.W.2d 631, 633 (S.D.1982); *Wallahan v. Wallahan,* 284 N.W.2d 21, 26 (S.D.1979); *Lien v. Lien,* 278 N.W.2d 436, 442 (S.D.1979);

---

5. We note that the request for appellate attorney fees was not received until two months after this case had been submitted for consideration by this court. We recommend that any request for appellate attorney fees be submitted at the time of, or immediately after, filing the appellate briefs.

*Stenberg v. Stenberg,* 90 S.D. 229, 240 N.W.2d 100, 102 (1976).