In re The MARRIAGE OF Virginia F. McNAMER and Robert G. McNamer.

Upon the Petition of Virginia F. McNamer, Appellee,

And Concerning Robert G. McNamer, Appellant.

In re The MARRIAGE OF Virginia F. McNAMER and Robert G. McNamer.

Upon the Petition of Virginia F. McNamer, Petitioner–Appellee,

And Concerning Robert G. McNamer, Respondent–Appellant.

No. 89–373.

Court of Appeals of Iowa.

Jan. 25, 1990.

Victor V. Sprengelmeyer, Dubuque, for appellant.

Mark J. Sullivan of Reynolds & Kenline, Dubuque, for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

SCHLEGEL, Presiding Judge.

Robert appeals the property division of a district court decree of dissolution and an order setting the supersedeas bond. We affirm the trial court.

Robert McNamer and Virginia McNamer were married on December 4, 1942. Five children were born of this marriage but all are adults. Both parties were born in 1923.

On January 4, 1988, Virginia McNamer filed a petition for dissolution of marriage. The case proceeded to trial.

At trial, and on this appeal, the key dispute concerned the business owned by the parties, Materials and Equipment, Inc. The corporation sells and services foundry equipment and supplies. At the time of this dissolution, Robert owned sixteen shares of the corporation and Virginia owned fourteen. The corporation also had made substantial contributions to a defined benefits retirement plan. Robert's share of this plan is approximately eighty-six percent, Virginia's share is about nine percent. At trial, the parties disputed the valuation of this corporation as well as the method of dividing the stock and retirement assets.

After trial, the district court entered its decree of dissolution. The court estimated the fair and reasonable market value of the corporation at $530,000. Robert was awarded the entirety of the business. Virginia was awarded her entire share of the corporate retirement of $77,509 and a significant share of Robert's retirement account totaling about $678,868. Based on this award, the court awarded no spousal support. Robert was awarded the remaining interest in his retirement plan, approximately valued at $278,245. Robert filed an appeal from this decree.

Following this appeal, Robert attempted to file a supersedeas bond. The district court determined that the bond filed was

inadequate and ordered Robert to file a supersedeas bond with appropriate corporate surety in the amount of $945,500. Robert appealed from this order as well. Both appeals were consolidated by supreme court order.

Our scope of review is de novo. Iowa R.App.P. 4. Although not bound by the trial court's determination of factual findings, we will give considerable weight to them, especially when considering the credibility of witnesses. Iowa R.App.P. 14(f)(7). Prior cases, though helpful, have little precedential value since we must base our decision here primarily on the particular circumstance of the parties presently before us. *In re Marriage of Weidner*, 338 N.W.2d 351, 356 (Iowa 1983).

Robert contends the trial court overvalued the business, and because the property division is based on this improper valuation it is inequitable. The trial judge had evidence of Virginia's expert and of Robert himself to use in evaluating the business. Virginia's expert was clearly very knowledgeable concerning the valuation of the business and offered the court several different methods and figures to choose from. Robert only offered what, in his opinion, the business was worth. The court accepted one of the figures supplied by Virginia's witness and we cannot say that the valuation chosen by the court was incorrect.

Once the valuation is correct, we must determine whether the property division was equitable. The criteria governing property division are now contained in Iowa Code section 598.21. The determination as to what constitutes an equitable property division cannot be reduced to precise mathematical formulas. The courts strive to make a just and equitable award under the unique circumstances of each case. Among the factors to be considered are the parties' respective incomes, educations, and earning capacities; the length of the marriage; the contributions and sacrifices made by each toward the acquisition of the property during the marriage; the sources of the property; the respective parties' needs; their social position and living standards both before and during the marriage;

their physical and mental health and life expectancies; the tax consequences to each party; and such other factors as may reasonably enter into any division. *See In re Marriage of Wallace*, 315 N.W.2d 827, 830 (Iowa App.1981).

It is always a difficult task for a trial judge to make an equitable split of the property, especially when a large business is involved. An inequitable split must often be made in order to keep the business together, thereby allowing one spouse to continue to provide for himself and any other obligations he may have. This is one of those rare situations where enough cash exists to provide an equitable split and still allow Robert to keep the business intact. The trial judge did an excellent job in making the property division. The major complaint raised by Robert is that it was not an equitable split, even though the numbers appear relatively equal. He bases this argument on the risky nature of giving him the business and giving Virginia mostly cash. An examination of the criteria listed in Iowa Code section 598.21 shows that Virginia is entitled to a fairly equal division of the business. The marriage has lasted for a substantial period, they started the business together, and have kept it going through lean times. Virginia was given a large amount of cash, but Robert was not totally deprived of cash. He has ready access to at least $300,000 in cash and, regardless of the risky nature of the business, there are substantial cash assets available above and beyond any liabilities. Robert may get a little less in value, but it is very likely the business will continue to appreciate. Given the nature and extent of the assets in this case, the trial court made an equitable property division.

Robert also contends the amount set by the trial court for the supersedeas bond was excessive. The amount set by the trial court was $945,500. The amount posted by Robert was $10,000. Iowa Rule of Appellate Procedure 7 states: "no appeal shall stay proceedings under a judgment or order unless appellant executes a

bond with sureties, to be filed with and approved by the clerk of court where the judgment or order was entered." The $10,-000 posted by Robert failed to comply with this rule. There was no surety and the amount was not approved by the clerk of court. The trial court correctly applied rule 7 by requiring a supersedeas bond sufficient to protect Virginia's interest and comply with the rule.

AFFIRMED.