Neil CLARKE, Plaintiff and Appellee,

v.

Lynda R. CLARKE, Defendant and Appellant.

No. 17261.

Supreme Court of South Dakota.

Argued Sept. 9, 1991.

Decided Dec. 31, 1991.

Rehearing Denied Feb. 25, 1992.

---

* The actual ninetieth day was June 22, 1986, a Sunday and, pursuant to SDCL 15–6–6(a), she then had one more day.

Ronald W. Banks of Banks, Johnson, & Colbath, Rapid City, for plaintiff and appellee.

Thomas W. Stanton of Costello, Porter, Hill Heisterkamp & Bushnell, Rapid City, for defendant and appellant.

DOBBERPUHL, Circuit Judge.

Lynda R. Clarke (Lynda) appeals from the trial court's division of property, grant of alimony, and attorney fees in a decree of divorce entered June 27, 1990. We affirm in part, reverse in part and remand.

Lynda and Neil Clarke (Neil) were married on November 15, 1980. No children were born of the marriage. Each party, however, has adult children from a previous marriage. At the time of the marriage Neil had a net worth of approximately $1,300,000. Lynda was working as a secretary and brought approximately $10,000 into the marriage.

The two lived well and traveled extensively. Lynda terminated her employment to become a full-time homemaker and hostess. Neil owned a ranching operation and was a charter pilot and a director of the South Dakota Cement Plant.

The marriage appears to have declined at the same rate as the parties' financial picture. The parties separated on January 1, 1986, by which time the parties' net worth had declined by more than one million dollars. In December 1986, Neil was granted a decree of divorce based upon a default judgment when Lynda did not appear after being served with a summons and complaint. The trial court subsequently denied Lynda relief from judgment pursuant to SDCL 15–6–60(b). This court reversed and remanded for a trial on the merits.[1] On remand the trial court denied Neil a divorce on the ground of habitual intemperance and granted Lynda a divorce on the ground of adultery.

The issues presented on appeal are whether the trial court abused its discretion in awarding Lynda a broadcasting contract with a contested value $111,000, $10,000 in lump sum alimony and $5,000 in attorney fees.

■ It is well settled law in this state that the trial court has broad discretion in making a division of marital property, and such division will not be disturbed absent a clear abuse of discretion. *Moser v. Moser*, 422 N.W.2d 594 (S.D.1988); *Storm v. Storm*, 400 N.W.2d 457 (S.D.1987); *Garnos v. Garnos*, 376 N.W.2d 571 (S.D.1985).

■ The factors to be considered in making an equitable distribution of property include the duration of the marriage, the value of the property of each of the parties, the ages of the parties, their health and competency to earn a living, and the contributions of each of the parties to the accumulation of the marital estate. *Garnos, supra.*

■ The trial court found that the marriage lasted five years and three months.

At the time of trial, Neil was 51 years of age and in good health. The trial court found that he receives significant trust income from the Cornelius Clarke Trust. Lynda was 50 years old and in average health. She has a high school education and some secretarial skills which are outdated due to Lynda's lack of computer experience. Lynda also suffers from arthritis; at trial, however, it was not clear how this would affect her ability to work.

This is an unusual case in that not only is most of the marital property inherited from Neil's family, but there has been no contribution to the marital estate from either party. In fact, the marital estate has decreased more than 75 percent.

The trial court awarded Lynda a 1986 Buick Century, $10,000 proceeds from the sale of coins which belonged to the custodial trust and Neil's interest in the Neihemia Broadcasting Company contract. Lynda's net share of the property award amounted to $129,500. Neil's net share was $17,100 [2]. However, the trial court excluded the three trusts and their income. We will not second guess the trial court, and based upon the record before us and the well-reasoned memorandum opinion, we hold that an award of $129,500 to Lynda was not an abuse of discretion.

The face value of the Neihemia contract was $175,000. The $175,000 represents the amount which the buyers of the broadcasting station owe Neil. Neil also is obligated to pay $64,000 to the Stranglands, the parties from whom he bought the broadcasting station. The face value of the contract less the $64,000 debt which Neil owes to the Stranglands leaves a net face value of $111,000. The trial court awarded Lynda the Neihemia contract and also made her responsible for the debt to the Stranglands.

■ This court may only disturb a trial court's property valuation if that valuation is clearly erroneous. *Moser, supra; Nelson v. Nelson*, 454 N.W.2d 533 (S.D. 1990). A valuation set by the trial court must be within the range of evidence.

---

1. *Clarke v. Clarke*, 423 N.W.2d 818 (S.D.1988).

2. Neil does not argue that this award is inadequate.

*Moser, supra.* The trial court valued the Neihemia contract at $111,000, the face value less the $64,000 debt which Lynda would acquire. At the time of trial the Stranglands has already begun foreclosure proceedings. Neil himself argued that the contract had no value, while it was Lynda who argued it was worth $111,000 [3].

"Where the parties come into the trial court without even a stipulation as to the values, then they had better be prepared to produce hard evidence as to those values other than their own personal opinions." *Hanks v. Hanks,* 296 N.W.2d 523, 526 (S.D. 1980). There was no hard evidence presented to the trial court from which it could make a valuation. The trial court was left with nothing more than the opinions of the parties.

■ The trial court's value was within the range of evidence presented. However, under these facts, for the trial court to value the contract at its face value when foreclosure proceedings had already been instituted is clearly erroneous. We remand this issue back to the trial court for a hearing to determine the value of the Neihemia contract and to make whatever equitable adjustments in the property division as are necessary to see that Lynda actually receives the $129,500 which the trial court awarded her. This is not to say that in every case a trial court must dole out the property award dollar for dollar; the specific facts and circumstances of this case are not likely to be repeated often.

■ Lynda also argues that the award of $10,000 lump sum alimony is inadequate and an abuse of discretion. We note that property and alimony awards are viewed together to determine if there has been an abuse of discretion. *Temple v. Temple,* 365 N.W.2d 561, 565 (S.D.1985); *Krage v. Krage,* 329 N.W.2d 878 (S.D.1983); *Lien v. Lien,* 278 N.W.2d 436 (S.D.1979).

■ In addition to the factors the trial court considers in awarding a property settlement, when making a determination as to alimony the trial court should consider 1) the parties' standard of living; 2) their respective financial conditions after the property settlement; and 3) the relative fault of the parties in the dissolution of the marriage. *Temple, supra; Krage, supra; Hanks, supra.* Lynda and Neil lived well during the marriage; neither has the money to live that way anymore. The parties' financial position after the property settlement can never be what it was at the beginning of the marriage. Even considering that Lynda was granted a divorce on the grounds of Neil's adultery, that factor cannot weigh very heavily when the marital estate was depleted by a million dollars. Taking the property award of $129,500 and the $10,000 lump sum alimony together, we are convinced that the trial court did not abuse its discretion in either award.

■ Finally, Lynda incurred over $18,000 in attorney's fees in seeking to vacate the default judgment at the trial court level, successfully obtaining relief in this court (see footnote 1, *supra* ), and ultimately being granted the divorce after a trial. The trial court awarded her $5,000 in attorney fees. An award of attorney fees lies within the sound discretion of the trial court. *Garnos, supra; Krage, supra; Lien, supra.* We are convinced that the trial court did not abuse its discretion in light of the fact that Lynda will be receiving $129,500 as a property award and the financial condition of each party.

WUEST, SABERS and AMUNDSON, JJ., concur.

HENDERSON, J., concurs specially.

DOBBERPUHL, Circuit Judge, for MILLER, C.J., disqualified.

HENDERSON, Justice (specially concurring).

Viewed basically, as I understand it, appellee has prevailed in that:

1. Trial court did not abuse its discretion in the division of property. *Goehry v. Goehry,* 354 N.W.2d 192, 194 (S.D.1984).

---

**3.** The parties switched their positions before this court. Lynda now argues the contract is worthless, while Neil argues it is worth its face value.

2. Trial court did not err in its lump sum alimony award of $10,000.00. *Krage v. Krage*, 329 N.W.2d 878, 879 (S.D.1983).

3. Trial court's award of $5,000.00 unto Lynda Clarke for attorneys' fees and costs was not an abuse of discretion. *Lien v. Lien*, 278 N.W.2d 436 (S.D. 1979).

On all three points, and with the above authorities to substantiate same, I concur.

We are reversing and remanding on one point, which is, as I understand it, that more testimony be taken to evaluate the true worth of the contract for deed awarded Lynda Clarke. Basically, we are down to arithmetic. Trial court, in my opinion, should rivet its thoughts and work ethic into this one issue. As Judge Dobberpuhl has written, hard evidence should be produced so that a true dollar evaluation may be established; then, the trial court will know the exact value of an award of that contract and fulfill its mission per the mandate of this Court. I would add that the briefs were advocatively skimpy on the valuation of the contract. It is urged, at least by this Justice, that the parties to this litigation spare us of a third appeal.