In re the MARRIAGE OF Margaret M. VIETH and James Ray Vieth.

Upon the Petition of Margaret M. Vieth, Appellee/Cross–Appellant,

And Concerning James Ray Vieth, Appellant/Cross–Appellee.

No. 97–2170.

Court of Appeals of Iowa.

Feb. 24, 1999.

Dan T. McGrevey, Fort Dodge, for appellant.

Blake Parker of Blake Parker Law Office, Fort Dodge, for appellee.

Considered by HUITINK, P.J., and VOGEL and ZIMMER, JJ.

VOGEL, J.

James Vieth appeals various economic provisions of the parties' dissolution decree. We affirm.

**Background facts.** James and Margaret Vieth were married in October of 1993. This was the second marriage for both parties, and no children were born to the marriage. Margaret filed a petition for dissolution of marriage in May of 1997. Following a trial, the district court entered its decree on October 30, 1997. James appeals.

**Scope of review.** Our review of this equitable proceeding is de novo. Iowa R.App. P. 4. We have a duty to examine the entire record and adjudicate anew rights on the issues properly presented. *In re Marriage of Courtade*, 560 N.W.2d 36, 37 (Iowa App.1996). We give weight to the fact findings of the district court, especially in determining the credibility of witnesses, but are not bound by them. Iowa R.App. P. 14(f)(7).

**I. Property distribution.** James suggests that we adopt his valuation of the parties' assets in lieu of the trial courts' valuations. We are not inclined to do so. The trial court made extensive findings on valuations and supported them with specific evidence. Although our review is de novo, we will defer to the trial court when valuations are accompanied with supporting credibility findings or corroborating evidence. We find the valuations assigned by the trial court to be within the permissible range of evidence. *See In re Marriage of Brainard*, 523 N.W.2d 611, 616 (Iowa App.1994).

James also challenges the property distribution. After assigning valuations, a determination must be made as to the equitable allocation of the assets and debts. Assets and debts should be equitably, but not necessarily equally, divided under the circumstances after considering the criteria delineated in Iowa Code section 598.21(1). *See In re Marriage of Driscoll*, 563 N.W.2d 640, 642 (Iowa App.1997).

While we do not intend to minimize the claims made on appeal, we give strong deference to the trial court which, after sorting through the economic details of the parties, made a fair division supported by the record.

> This deference to the trial court's determination is decidedly in the public interest. When appellate courts unduly refine these important, but often conjectural, judgment calls, they thereby foster appeals in hosts of cases, at staggering expense to the parties wholly disproportionate to any benefit they might hope to realize.

*In re Marriage of Benson,* 545 N.W.2d 252, 257 (Iowa 1996).

After careful review of the evidence, we find the distribution was equitable. We will not disturb it on appeal.

**II. Attorney fees.** Margaret requests that she be awarded appellate attorney fees. An award of attorney fees on appeal is not a matter of right, but rests within the discretion of the court. *Id.* at 258.

We are to consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the district court's decision on appeal. *In re Marriage of Wood,* 567 N.W.2d 680, 684 (Iowa App.1997). After considering these factors, we award no attorney fees on appeal. Costs of this appeal are taxed to James.

Having considered all issues properly before us on appeal, we hereby affirm the district court's decree.

**AFFIRMED.**

STREIT, J., takes no part.