# IN THE COURT OF APPEALS OF IOWA

No. 15-2051
Filed October 12, 2016

IN RE THE MARRIAGE OF MICHAEL DEAN MALENA
AND MARIELLEN LEE MALENA

Upon the Petition of
**MICHAEL DEAN MALENA,**
        Petitioner-Appellee,

**And Concerning**
**MARIELLEN LEE MALENA,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Floyd County, Gregg R. Rosenbladt, Judge.

        Husband appeals from the decree of dissolution of marriage. **AFFIRMED AS MODIFIED.**

        Brad Sloter of Noah, Smith & Schuknecht, P.L.C., Charles City, for appellant.

        David H. Skilton of Cronin, Skilton & Skilton, P.L.L.C., Charles City, for appellee.

        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Michael Malena appeals from the decree dissolving his marriage to Mariellen Malena. Following trial in August 2015, the district court awarded Mariellen physical care of the parties' two children, child support in the amount of $531.03/month, permanent spousal support in the amount of $625/month, a property equalization payment of $75,694, attorney fees, and expert witness fees. Michael appeals, requesting shared care of the children, claiming the district court's resolution of economic issues was inequitable, and stating the court abused its discretion in awarding attorney and expert witness fees.

I.

Our review of cases in equity is de novo. *See* Iowa R. App. P. 6.907. We review the entire record and decide anew the factual and legal issues presented. *See In re Marriage of Williams*, 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). Prior cases have little precedential value; the court must make its determination based on the unique facts and circumstances of each case. *See In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995); *In re Marriage of Snowden*, No. 14-1920, 2015 WL 4233449, at *1 (Iowa Ct. App. Jul. 9, 2015) ("All happy families are alike; each unhappy family is unhappy in its own way." (quoting Leo Tolstoy, *Anna Karenina* 1 (1873))). We exercise de novo review with some deference afforded to the district court. *See, e.g., In re P.C.*, No. 16-0893, 2016 WL 4379580, at *2 (Iowa Ct. App. Aug. 17, 2016).

II.

Michael challenges the physical care award. Physical care is defined as "the right and responsibility to maintain a home for the minor child and provide for

the routine care of the child." Iowa Code § 598.1(7) (2013). In making the physical care determination, we look to the factors set forth in Iowa Code section 598.41(3) and our case law. *See* Iowa Code § 598.41(3); *In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974). "Each factor, however, does not necessarily impact the decision with equal force." *In re Marriage of Daniels*, 568 N.W.2d 51, 54 (Iowa Ct. App. 1997). In considering the factors, our ultimate objective "is to place the child[ren] in the environment most likely to bring [them] to healthy mental, physical, and social maturity." *McKee v. Dicus*, 785 N.W.2d 733, 737 (Iowa Ct. App. 2010). The controlling consideration is the best interests of the children. *See id.* at 736. Our court will "ultimately decide[ ] by determining under the whole record which parent can minister more effectively to the long-range best interests of the children." *Winter*, 223 N.W.2d at 166.

Michael argues shared care is in the children's best interests. If we decline to disturb the district court's physical care arrangement, however, Michael argues he should be given extraordinary visitation as provided in the parties' pretrial stipulation. In support of his argument for shared care, Michael notes both parties have actively cared for the children throughout the marriage and since their separation. The parties live near each other, which would make shared care less burdensome. Michael has a flexible work schedule, which would allow Michael to care for the children. Michael states the parties have been able to communicate regarding the children "when necessary" and they had shared care arrangements for both children in the summer of 2014 and for one child in the summer of 2015. *See In re Marriage of Hansen*, 733 N.W.2d 683, 697 (Iowa 2007) (finding long-term, successful, joint care is a significant factor in

considering viability of joint care after divorce); *see also In re Marriage of Schnitzler*, No. 14-0858, 2015 WL 800064, at *4 (Iowa Ct. App. Feb. 25, 2015) (finding parties' communication difficulties throughout divorce did not preclude award of shared physical care). Michael also believes the children have suffered from not having active contact with him. *See* Iowa Code § 598.41(3)(b).

On de novo review, we agree with the district court it is in the children's best interests for Mariellen to have physical care of the children. First, the district court's award of physical care more closely approximates the parties' historical care giving arrangement. *See Hansen*, 733 N.W.2d at 697 (discussing the approximation principle). While Michael has been an active parent with respect to the children's activities, Mariellen has been the children's primary caregiver. This is a significant factor favoring the award of physical care to Mariellen. Second, Mariellen is in a better position to meet the children's needs. She has a strong bond with both children, is attentive to their physical and emotional well-being, and has a track record of positive parenting. *See Hansen*, 733 N.W.2d at 696–97 (avoiding "serious emotional harm" promotes child's best interest); *In re Marriage of Shook*, No. 00-1806, 2002 WL 984491, at *2 (Iowa Ct. App. May 15, 2002) (placing children in custody of parent "fully capable of providing . . . the necessary physical and emotional support" for children). In contrast, Michael is having great difficulty in his relationship with the parties' older child related to the child's sense of abandonment precipitated by the facts and circumstances surrounding the dissolution of the parents' marriage and related to the child's perception of Michael's harsh criticism of the child. *See Kantaris v. Kantaris*, 169 N.W.2d 824, 831 (Iowa 1969) (affirming physical care award of son to father

where mother's relationship with son had deteriorated to the point of emotional harm).

On this record, we decline to disturb the district court's physical care determination and visitation schedule. The parties are free to make arrangements for Michael to have additional visitation with the children.

III.

Michael challenges the economic provisions of the dissolution decree, specifically the spousal support award and the property division. Courts consider alimony and property divisions together in evaluating their individual sufficiency. *In re Marriage of Callenius*, 309 N.W.2d 510, 513–14 (Iowa 1981).

A.

We first address the award of spousal support, or alimony. Spousal support is a stipend to a former spouse in lieu of the other spouse's legal obligation to provide financial assistance. *See In re Marriage of Anliker*, 694 N.W.2d 535, 540 (Iowa 2005). Spousal support "is not an absolute right, and an award thereof depends upon the circumstances of a particular case." *In re Marriage of Schenkelberg*, 824 N.W.2d 481, 486 (Iowa 2012). Prior cases provide little precedential value in determining spousal support. *See id.* The court makes an equitable determination based on the statutory framework set out in Iowa Code section 598.21A(1). The court considers, but is not limited to, the following factors: (1) the length of the marriage; (2) the age and physical and emotional health of the parties; (3) the distribution of property; (4) the parties' education levels; (5) the earning capacity of the party seeking spousal support; (6) the feasibility of the party seeking spousal support becoming self-supporting

at a standard of living reasonably compared to that enjoyed during the marriage; (7) the tax consequences to each party; (8) any mutual agreement made by the parties concerning financial or service contributions by the other party; (9) antenuptial agreements; and (10) any other relevant factors. *See* Iowa Code § 598.21A(1). The court equitably balances one spouse's ability to pay against the needs of the other spouse. *See In re Marriage of Tzortzoudakis*, 507 N.W.2d 183, 186 (Iowa Ct. App. 1993).

Michael argues traditional spousal support of $625/month is inequitable. Michael argues the court did not consider the relevant factors in determining the amount and duration of spousal support. He states the marriage is of only "moderate" duration not meriting traditional spousal support. *See In re Marriage of Gust*, 858 N.W.2d 402, 410–11 (Iowa 2015) ("Generally speaking, marriages lasting twenty or more years commonly cross the durational threshold and merit serious consideration for traditional spousal support."); *but see In re Marriage of Witherly*, 867 N.W.2d 856, 860 (Iowa Ct. App. 2015) ("The marriage was seventeen years long—not long enough to trigger the unlimited spousal support duration recommended by the American Academy of Matrimonial Lawyers, but by no means short."). Michael argues Mariellen's earning capacity is greater than her current income. The district court did impute income to her in calculating child support but did not do so in calculating spousal support. Michael contends the spousal support award would be lower with proper consideration of Mariellen's earning capacity. *See, e.g., Marriage of Klemme*, No. 14-0087, 2014 WL 5249247, at *5 (Iowa Ct. App. Oct. 15, 2014) (reducing spousal support award of $650 to $300 where spouses' earning capacities,

respectively, were $38,000 and $15,000; wife was unlikely to become self-supporting; and parties had been married thirty-six years); *see also Hansen*, 733 N.W.2d at 704 (affirming award of $500 per month for ten years where incomes of parties were $46,300 and $18,900; wife lacked "upward mobility;" and wife assumed "most of the marriage's high interest liabilities" in property division). Michael also contends the district court failed to consider the large property equalization payment in determining the spousal support award.

On de novo review, we conclude Michael's arguments are compelling. The parties were married in 1999 and separated in 2014. There is no evidence establishing either party is in anything other than good physical and emotional health. Both parties are capable of full-time employment. Michael graduated from high school and is self-employed, paying himself an annual salary of $39,000. Mariellen has a cosmetology degree. Because she provided the majority of the care for the parties' children, Mariellen worked only part-time, earning roughly $15,600 per year. In calculating child support, the district court imputed an additional $7540 annually to Mariellen based on the reality she will work more hours post-dissolution. We modify the award of spousal support and reduce the award to $400 per month. *See Gust*, 858 N.W.2d at 412. We also conclude the facts of this case do not support a lifetime award. Spousal support shall terminate upon Michael reaching retirement age of sixty-seven, or Mariellen's remarriage or death, whichever first occurs. *See id.* at 414.

## B.

Michael argues the district court's valuation of his business resulted in an inequitable division of property. In dividing marital property, a court determines

what is fair and equitable based upon the particular circumstances of the parties. *In re Marriage of Keener*, 728 N.W.2d 188, 193 (Iowa 2007). "Although an equal division is not required, it is generally recognized that equality is often most equitable." *Id.* We will defer to a district court's valuation of property when it is accompanied by supporting credibility findings or corroborating evidence. *See In re Marriage of Vieth*, 591 N.W.2d 639, 640 (Iowa Ct. App. 1999).

The purpose of determining a business's value is to assist the court in making equitable property awards and allowances. *In re Marriage of Moffatt*, 279 N.W.2d 15, 19 (Iowa 1979). The valuation of a closely held corporation is a difficult process. *See In re Marriage of Wiedemann*, 402 N.W.2d 744, 747–49 (Iowa 1987); *In re Marriage of Hitchcock*, 309 N.W.2d 432, 435–36 (Iowa 1981). Because of the difficulty inherent in valuation, the trial court may be granted some leeway. *See Hitchcock*, 309 N.W.2d at 435. Especially in cases involving a large business, "[a]n inequitable split must often be made in order to keep the business together, thereby allowing one spouse to continue to provide for himself and any other obligations he may have." *In re Marriage of McNamer*, 452 N.W.2d 812, 814 (Iowa Ct. App. 1990).

Michael notes the value of the business found by the trial court-- $143,000—was fifty greater than what he paid for the business, even as gross revenue since his purchase has stayed relatively flat or even slightly decreased. He contends the valuation approach used by Mariellen's expert inherently produces a high result. He notes his own expert, who used three different valuation methods, assessed the business's worth at $34,000. He also argues the equalization payment constrained his ability to provide for himself and make

support payments. *See id.* Michael asks us to pay Mariellen an equalization payment of $1931.25, as provided by the parties' pretrial stipulation discussing personal property, in addition "to payment awarded to Mariellen for the business." In the alternative, he asks us to modify the district court's lump-sum equalization payment to allow him to make installment payments.

Upon de novo review, we conclude the property valuation was supported by the evidence and the equalization award was equitable. The valuation was within the range of evidence and not unreasonable. *See Wiedemann*, 402 N.W.2d at 748 (affirming valuation findings where within the range of evidence); *In re Marriage of Bare*, 203 N.W.2d 551, 554 (Iowa 1973) (same); *In re Marriage of Pritchett*, No. 11-1283, 2012 WL 652043, at *6 (Iowa Ct. App. Feb. 29, 2012) (same). We affirm the award with modification: where the district court ordered Michael to make one lump-sum payment to satisfy this obligation, we accept his alternative argument and modify the award to allow him to make installment payments. Michael may satisfy the property equalization award with five equal installment payments with the first payment due upon issuance of procedendo following this appeal, if not already paid, and the subsequent installments to be paid on the anniversary of the date the dissolution decree was filed. The property award shall be considered a judgment and accrue interest at the statutory rate until such time as it is paid in full.

IV.

Finally, Michael challenges the fee awards. Awards of attorney fees and expert fees are reviewed for an abuse of discretion. *See In re Marriage of Maher*, 596 N.W.2d 561, 568 (Iowa 1999). An abuse of discretion occurs when

the district court exercises its discretion "on grounds or for reasons that are clearly untenable or to an extent clearly unreasonable." *State v. Nelson*, 791 N.W.2d 414, 419 (Iowa 2010). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000).

The parties entered into two pretrial stipulations. The first, a "stipulation on personal property," states, "Each party shall assume the indebtedness on the personal property awarded to him or her and shall indemnify and [hold] the other party harmless for any indebtedness. Petitioner and Respondent shall each assume the sole and exclusive responsibility for payment of those individual debts, as shown in the table below." The table that followed included each party's attorney and expert fees as each respective party's responsibility. However, in the "pretrial stipulation," the parties stated they could not agree on attorney fees. Mariellen requested that Michael "be required to pay her attorney's fees and ask[ed] that the court refuse/not approve [Michael's] request." Michael's position was "the parties stipulated that each party shall assume the sole and exclusive responsibility for payment of their own attorney fees and expert fees, as set forth" in the prior stipulation.

"A stipulation and settlement in a dissolution proceeding is a contract between the parties." *In re Marriage of Jones*, 653 N.W.2d 589, 593 (Iowa 2002). Therefore, a party may not withdraw or repudiate the stipulation prior to the court's entry of judgment. *In re Marriage of Ask*, 551 N.W.2d 643, 646 (Iowa

1996).  Nonetheless, the parties' stipulation is not binding on the court, and if the stipulation is unfair or contrary to law, the court may reject the stipulation.  *Id.*

We find the district court did not abuse its discretion in awarding fees.  The court found Michael had not disclosed his full income or retirement accounts prior to trial, which necessitated more work for Mariellen's counsel.  The court relied on Mariellen's expert in reaching its decision.  Implicitly, the court felt the parties' stipulation on these issues was "unfair," and so rejected the stipulation.  This was not an abuse of discretion.

Mariellen requests appellate attorney fees of $4060.95.  Appellate attorney fees are not a matter of right, but instead rest in the court's discretion.  *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006).  Factors we consider upon such a request include the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.  *Id.*  We have considered those factors and decline to grant appellate attorney fees.

V.

For the foregoing reasons, we affirm the award of physical care to Mariellen; we affirm the amount of the property equalization award, but modify the award to allow for installment payments; we reduce the alimony award to $400 per month and establish end dates for alimony; and we affirm the awards of attorney fees and expert fees made by the district court.

**AFFIRMED AS MODIFIED.**