# IN THE COURT OF APPEALS OF IOWA

No. 16-1838
Filed June 21, 2017

IN RE THE MARRIAGE OF CHERYL LYNN THOMAS
AND STEVEN ALLEN THOMAS

Upon the Petition of
**CHERYL LYNN THOMAS,**
        Petitioner-Appellee/Cross-Appellant,

**And Concerning**
**STEVEN ALLEN THOMAS,**
        Respondent-Appellant/Cross-Appellee.
_____

        Appeal from the Iowa District Court for Pottawattamie County, James S.

Heckerman, Judge.


        Spouses appeal from the decree dissolving their marriage. **AFFIRMED.**


        Jordan T. Glaser of Peters Law Firm, P.C., Council Bluffs, for appellant.

        Michael J. Winter, Council Bluffs, for appellee.


        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Steven and Cheryl Thomas married in 1990 and divorced in 2016. This is an appeal from the decree dissolving their marriage. Steven contends the district court abused its discretion in denying his motion for new trial and in denying his motion to enlarge and amend the decree. He also contends the district court inequitably divided the parties' marital property. Cheryl contends the district court's alimony award was illiberal and leaves her with inadequate financial support.

As a general proposition, our review of dissolution proceedings is de novo. *See In re Marriage of Gust*, 858 N.W.2d 402, 406 (Iowa 2015). We review the entire record and decide anew the factual and legal issues preserved and presented for review. *See In re Marriage of Williams,* 589 N.W.2d 759, 761 (Iowa Ct. App. 1998). Prior cases have little precedential value; we apply the relevant law to the unique facts and circumstances of each case. *See In re Marriage of Kleist*, 538 N.W.2d 273, 276 (Iowa 1995); *In re Marriage of Snowden*, No. 14-1920, 2015 WL 4233449, at *1 (Iowa Ct. App. July 9, 2015). Although our review is de novo, we afford deference to the district court. *See In re Marriage of Morrison*, No. 16-0886, 2017 WL 936152, at *1 (Iowa Ct. App. Mar. 8, 2017). "[W]e will disturb a district court determination only when there has been a failure to do equity." *In re Marriage of Mauer*, 874 N.W.2d 103, 106 (Iowa 2016) (citing *In re Marriage of Anliker*, 694 N.W.2d 535, 540 (Iowa 2005).

We first address the district court's denial of the motion for new trial. The nature of our review depends upon the ground or grounds for the motion. Steven moved for new trial pursuant to Iowa Rule of Civil Procedure 1.1004(1) and (3).

The rule allows for new trial where substantial rights are affected by "[i]rregularity in the proceedings of the court . . . or any order of the court . . . which prevented the movant from having a fair trial" or where there was "[a]ccident or surprise which ordinary prudence could not have guarded against." Iowa R. Civ. P. 1.1004(1), (3). Under the circumstances, we review the district court's denial of Steven's motion for new trial for an abuse of discretion. *See In re Marriage of Wagner*, 604 N.W.2d 605, 608 (Iowa 2000).

In his motion for new trial, Steven first argued his trial counsel was not prepared for trial and ineffectively presented Steven's case. "The law regards the neglect of an attorney as the client's own neglect, and will give no relief from the consequences thereof." *Jones v. Leech*, 46 Iowa 186, 187 (1877). Steven's trial counsel's purported failure to prepare for trial and purported failure to present Steven's case effectively are not grounds for relief. *See In re Marriage of Repp-Danis,* No. 16-0251, 2017 WL 936098, at *2 (Iowa Ct. App. Mar. 8, 2017) (affirming denial of motion for new trial where party claimed attorney was mentally impaired at the time of trial)*; In re Marriage of Le*, No. 12-0504, 2013 WL 2637805, at *2 (Iowa Ct. App. June 12, 2013) (stating there is no right to effective assistance of counsel in dissolution proceedings). The district court did not abuse its discretion in denying Steven's motion on this ground.

Steven also argued the district court unfairly limited the time for trial, which precluded Steven from presenting his case in full. He contends he was denied a meaningful opportunity to testify. *See In re Marriage of Seyler*, 559 N.W.2d 7, 9 (Iowa 1997) (considering whether parties were afforded "meaningful opportunity to be heard" where judge deciding case was not judge who heard case). As a

general rule, the trial court has broad discretion to establish time limits on trial. *See In re Marriage of Ihle*, 577 N.W.2d 64, 67 (Iowa Ct. App. 1998). Whether a time limit is permissible depends on "the public and private interests involved, the administrative burdens implicated, the risk of an erroneous decision due to the nature of the hearing provided, and the value of any additional safeguards." *Id.* Here, the district court's scheduling order set the matter for a half-day trial. At the time of trial, the parties were actually given a full day. Because the parties' youngest child was close to age eighteen at trial, the primary issues in dispute were financial—division of marital property and the amount of spousal support. Much of the information the court needed to resolve these issues was set forth in the affidavits of financial status. The parties' testimony merely supplemented or clarified their affidavits. Where the district court desired additional information regarding the parties' financial status, it directly requested the information from the parties. Given the limited issues presented, the state of the evidence, and the manner in which the district court conducted the trial, the risk of an erroneous decision was not increased due to the nature of the trial. There would have been little value in extending the time for trial; the district court explicitly requested the information material to the financial issues presented. We see no reason to grant another trial permitting the parties to submit identical financial information or information cumulative to that already introduced. *See* Iowa R. Evid. 5.403 (allowing judges to exclude relevant but cumulative evidence). The district court did not abuse its discretion in denying the motion for new trial.

We next address the district court's denial of Steven's motion to amend or enlarge findings pursuant to Iowa Rule of Civil Procedure 1.904(2). Our review is

for an abuse of discretion. *See C & J Leasing Corp. v. Island Sun Enters., Inc.*, No. 04-1042, 2005 WL 975544, at *4 (Iowa Ct. App. Apr. 28, 2005); *In re Marriage of Hall*, No. 01-1927, 2002 WL 1586167, at *1 (Iowa Ct. App. July 19, 2002). Steven argues the district court should have made different findings regarding the value of certain property during the property division. The resolution of this issue is interrelated with the resolution of both Steven's and Cheryl's challenges to the economic provisions of the decree. Because we make our own factual findings when a case is tried in equity, *see In re Marriage of Schenkelberg*, 824 N.W.2d 481, 484 (Iowa 2012); *In re Estate of Stodola*, 519 N.W.2d 97, 99 (Iowa Ct. App. 1994), we move to the substance of the issues.

Steven first challenges the district court's property division. "Iowa is an equitable distribution state." *In re Marriage of Sullins*, 715 N.W.2d 242, 247 (Iowa 2006). "This 'means that courts divide the property of the parties at the time of divorce, except any property excluded from the divisible estate as separate property, in an equitable manner in light of the particular circumstances of the parties." *Id.* All property of the marriage at the time of the divorce, except gifted or inherited property, is divisible property. *See In re Marriage of Schriner*, 695 N.W.2d 493, 496 (Iowa 2005). The relevant considerations are set forth in the Iowa Code. *See* Iowa Code § 598.21(5) (2016).

The parties did have assets and liabilities to divide. The district court awarded Cheryl, among other things, the marital home, her marital share of Steven's retirement account, and several life insurance policies. The district court also made Cheryl responsible for repayment of a promissory note evidencing a debt Cheryl and Steven incurred in purchasing certain land. The

district court awarded Steven substantial personal property. Steven is an outdoorsman and survivalist. He believes the American government and economy are on the verge of collapse. In preparation, he acquired tens of thousands of dollars' worth of equipment, gear, firearms, ammunition, and silver coins. The district court awarded Steven, among other things, this property and his share of his retirement account.

Steven argues the property distribution is inequitable because the promissory note is held by Cheryl's parents, is unenforceable, and, in any event, will never be satisfied because Cheryl's parents are unlikely to take legal action to collect on the promissory note. He contends Cheryl was thus, essentially, awarded more property because the offsetting debt is not real. The promissory note is marital property. *See Schriner*, 695 N.W.2d at 496 ("[T]he statute makes no effort to include or exclude property from the divisible estate by such factors as the nature of the property of the parties, the method of acquisition, or the owner."); *In re Marriage of Vieth*, 591 N.W.2d 639, 640 (Iowa Ct. App. 1999) ("Assets and debts should be equitably, but not necessarily equally, divided under the circumstances after considering the criteria delineated in Iowa Code section 598.21[]."). As marital property, it is divisible property. *See Schriner*, 695 N.W.2d at 496. As divisible property, it must be assigned to a party. *See* Iowa Code § 598.21(1) ("[T]he court shall divide the property of the parties . . . ."), (5) ("The court shall divide all property . . . ."). There is no evidence Cheryl's parents will not enforce the obligation. *Cf. In re Marriage of Lyle*, No. 02-1473, 2003 WL 22346652, at *2 (Iowa Ct. App. Oct. 15, 2003) (declining to consider debts to

parents where substantial evidence supported that finding). Steven's argument is mere speculation.

Even assuming Steven's speculation turns out to be true, we would not find the property distribution inequitable. First, the property must be valued and equitably divided at the time of the trial. *See Schriner*, 695 N.W.2d at 496. Whether contingent future events might change the value of the property at some unknown future date has little to no bearing on whether the property division was equitable at the time of trial. Second, the distribution of property need not be equal to be equitable. *See Vieth*, 591 N.W.2d at 640. Although by Steven's calculations Cheryl received $51,000 in property and he but $35,000, his earning capacity is several times greater than hers and his future economic circumstances will likely be better than hers. *See* Iowa Code § 598.21(6)(f), (i).

Cheryl challenges the amount of the spousal support, or alimony, award. Cheryl requested traditional alimony. The district court ordered traditional alimony, ordering Steven to pay $2500 per month until Cheryl turns sixty-seven and then $1250 per month thereafter until his or her death. She requests an increase to $4000 per month until age sixty-seven. Our review of spousal support awards is de novo. *See Gust*, 858 N.W.2d at 406. "[W]e accord the trial court considerable latitude in making this determination and will disturb the ruling only when there has been a failure to do equity." *In re Marriage of Olson*, 705 N.W.2d 312, 315 (Iowa 2005). In determining whether the award is equitable, we are guided by statutorily identified factors. *See* Iowa Code § 598.21A(1).

Steven is employed by Hewlett-Packard. He testified his salary was approximately $120,000 on an annual basis. Cheryl spent much of the marriage

as the family caretaker. Cheryl has returned to the work force but does not have the earning capacity Steven does. Cheryl also suffers from a number of serious medical conditions, decreasing her ability to work and increasing her medical expenses. At the time of trial, Cheryl was employed as an assistant to an insurance agent, working twenty-three hours per week at $16.50 per hour or approximately $20,000 on an annual basis.

On de novo review of the record, in light of the relevant statutory factors, we conclude the spousal support award is not inequitable. "The purpose of a traditional or permanent alimony award is to provide the receiving spouse with support comparable to what he or she would receive if the marriage continued." *In re Marriage of Hettinga*, 574 N.W.2d 920, 922 (Iowa Ct. App. 1997). "We recognize it may be that neither party will be able to maintain their marital lifestyle, as . . . two households are inevitably more expensive to maintain than one." *Gust*, 858 N.W.2d at 415. Such is the case here. The parties do not have sufficient assets or income to maintain the marital lifestyle. They will both be left worse off. We further note the parties here present facts similar to those in *Gust*. *See id.* In *Gust*, the husband earned $92,000 per year and the wife earned $22,500. In this case, Steven earns $120,000 per year and Cheryl earns approximately $20,000. The Gust marriage lasted twenty-seven years, while the Thomas marriage lasted approximately twenty-six. The *Gust* court awarded traditional alimony in the amount of $24,000 per year. Here, the district court awarded traditional alimony in the amount of $30,000 per year. We cannot say the spousal support award was inequitable.

Cheryl requests appellate attorney fees. "An award of appellate attorney fees is not a matter of right but rests within our discretion." *In re Marriage of Kurtt*, 561 N.W.2d 385, 389 (Iowa 1997). In making our determination, "we consider the needs of the party making the request, the ability of the other party to pay, and whether the party making the request was obligated to defend the decision of the trial court on appeal." *Id.* Upon consideration of Cheryl's request, we find equity warrants an award of appellate attorney fees. The affidavit on file requests $1700 in fees. We hereby grant that request.

**AFFIRMED.**